■ JEAN A. KULL et al., Appellants, v. CITY OF NEW YORK, Respondent.— In a negligence action to recover damages for personal injuries sustained by the infant plaintiff and for medical expenses and loss of services sustained by his mother, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered November 3, 1971 in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiffs' case upon a jury trial. Judgment affirmed, with costs. The issue here was whether the defendant city could be held liable under *respondeat superior* for the negligence of one of its employees. The employee, a policeman in defendant's Police Department for two years, testified for plaintiffs that on the day of the accident his tour of duty was from 4:00 P.M. to midnight. The infant plaintiff and his mother came to his house in the early afternoon. He had just finished shaving and was walking to the kitchen carrying a revolver (not his service revolver) when the guests arrived. He placed the revolver on the television set and went to put on his shirt. At the time the gun went off, he was actually in the kitchen getting milk out of the refrigerator for his daughter. This set of facts takes this case out of the pattern of those in which municipalities have been held liable for a policeman's carelessness (see, e.g., *Collins* v. *City of New York,* 11 Misc 2d 76, affd. 8 A D 2d 613, affd. 7 N Y 2d 822; see, generally, 2C Warren's N. Y. Negligence, p. 264, § 8.04). There was no evidence upon which a jury could find that the policeman was acting within the scope of his employment at the time of the accident. This is not to say that his conduct was not negligent, but only that the defendant city could not be held responsible therefor. Munder, Martuscello, Gulotta and Brennan, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse and to grant a new trial, with the following memorandum: A patrolman employed by defendant was at home approximately two and one-half hours before his tour of duty was to begin. He had just finished shaving when the door bell rang. He went to get a shirt to put on and, in so doing, laid the revolver which he was carrying on a television set. (A not unreasonable inference is that the patrolman was dressing for work. However, whether he was or was not dressing for work has no bearing on my opinion.) The infant plaintiff, then five years of age, was one of the persons who had come to visit the patrolman's family. The infant picked up the gun, sat down in a chair and watched a television program. When he arose to leave, the gun went off and the infant was shot in the leg. In my opinion, it was error for the trial court to hold that any negligence on the part of the patrolman was not attributable to his employer, the sole defendant. Defendant's regulations require that patrolmen be available for duty at all times and that they carry a revolver at all times. Under the circumstances, it cannot be said that the

patrolman's actions with regard to his revolver were not in furtherance of his employer's interests (*Collins* v. *City of New York,* 11 Misc 2d 76, affd. 8 A D 2d 613, affd. 7 N Y 2d 822). The issue of whether the patrolman was negligent and whether his negligence was in the course of his employment should have been left to the jury. Furthermore, plaintiffs had advanced the theory that defendant was negligent in improperly instructing the patrolman in the care and maintenance of his revolver. This issue should also have been presented to the jury (*Collins* v. *City of New York, supra,* p. 79).