■ JULIA FULLER, Individually and as Administratrix of the Estate of JAMES FULLER, Deceased, Appellant v CITY OF YONKERS et al., Respondents. — In an action, *inter alia,* to recover damages for wrongful death, plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Marbach, J.), entered April 19, 1982, as dismissed the first, second, fourth and fifth causes of action asserted in her amended complaint. ¶ So much of the appeal as seeks review of the dismissal of the fourth cause of action asserted in plaintiff's amended complaint dismissed. The judgment recites that the dismissal of the fourth cause of action was made upon plaintiff's withdrawal thereof. Accordingly, plaintiff is not aggrieved by that portion of the judgment (CPLR 5511). ¶ Judgment modified, on the law, by reinstating the second and fifth causes of action asserted in plaintiff's

amended complaint as against defendant O'Neill. As so modified, judgment affirmed, insofar as appealed from and reviewed, second and fifth causes of action asserted in plaintiff's amended complaint severed and a new trial granted as to said causes of action. ¶ Defendant City of Yonkers is awarded costs payable by plaintiff; as between plaintiff and defendant O'Neill, costs are awarded to abide the event of a new trial. ¶ Before this court plaintiff argued that she did not consent to the dismissal of the fourth cause of action in her amended complaint, which claimed punitive damages against the defendant City of Yonkers on a theory of negligent supervision, but instead, only withdrew it insofar as it sought punitive damages, leaving it as an alternative theory for recoupment of compensatory damages. However, the judgment appealed from recites that the fourth cause of action was dismissed "upon plaintiff's counsel's withdrawal" thereof. Inasmuch as the judgment, in effect, recites that plaintiff consented to the dismissal of the fourth cause of action, plaintiff is not aggrieved within the meaning of CPLR 5511 by that portion of the judgment. Accordingly, so much of this appeal as seeks review of the dismissal of the fourth cause of action must be dismissed (see *Levin v Board of Educ.*, 54 AD2d 960). Plaintiff's remedy is to move to resettle the judgment with regard to the fourth cause of action. ¶ The first, second and fifth causes of action asserted in plaintiff's amended complaint were dismissed at the conclusion of her case on the ground that she had failed to make out a prima facie case that defendant O'Neill either negligently or intentionally shot the decedent James Fuller (CPLR 4401). The court resolved issues of credibility of the witnesses against the plaintiff. On a motion to dismiss under CPLR 4401, the court may not undertake to weigh the evidence, but must take the view of it most favorable to the nonmoving party (*Crowley v Brown*, 91 AD2d 601). The only evidence introduced by plaintiff concerning the incident leading to the decedent's death was a deposition of defendant O'Neill. By using this deposition, plaintiff did not make O'Neill her witness (see CPLR 3117, subd [a], par 2; subd [d]), and she was not bound by his story. Likewise, the jury would have been at liberty to disbelieve some portions of O'Neill's testimony and accept other portions, even though it was not otherwise impeached or contradicted (see *Noseworthy v City of New York*, 298 NY 76). In view of the fact that in a wrongful death action the plaintiff is not held to as high a degree of proof as where an injured plaintiff can himself describe the occurrence (*Cruz v Long Is. R. R. Co.*, 28 AD2d 282), we believe that plaintiff made out a prima facie case against defendant O'Neill. ¶ However, we affirm the dismissal of the complaint as to defendant City of Yonkers. We fail to find any indication in the record that defendant O'Neill was performing an act in furtherance of his duties as a police officer of the City of Yonkers on the night he allegedly shot the decedent. Quite to the contrary, it is clear to us, upon reviewing the record, that he acted solely in furtherance of his personal interests. In *Collins v City of New York* (11 Misc 2d 76, 79, affd 8 AD2d 613, affd 7 NY2d 822), a policeman was on his way to work when his service revolver accidentally went off, and the City of New York was found liable for the consequences since the officer was held to have been acting within the scope of his employment although he was still, technically, off duty. In the instant case, when the altercation occurred which led to the decedent's death, the off-duty policeman was attempting to extricate his daughter from a bar where the decedent worked because he believed that his daughter was taking illicit drugs. Clearly, defendant O'Neill was acting in furtherance of his personal interests as a father, and not as an employee of the defendant City of Yonkers. ¶ We add a cautionary note since we remit this matter for a new trial as to defendant O'Neill. The trial court allowed defendant O'Neill's counsel to cross-examine the decedent's sister, Christine Fuller, over objection, as to whether she had ever heard, or had been

told, that her brother took illicit drugs. These questions sought to elicit impermissible hearsay, and should not have been allowed. Lazer, J. P., Gibbons, Weinstein and Boyers, JJ., concur.