■ Bosun's Locker, Ltd., Appellant, v Fireman's Fund Insurance Companies, Respondent.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Prior to the scheduled opening of plaintiff's retail boat store, the building and its contents of pleasure boats and accessories were destroyed by fire. Plaintiff was insured under a "Portfolio Policy" issued by defendant Fireman's Fund, which specifically included coverage for damage to boats and property held for sale. A dispute arose when the insurance company's offer to settle the loss by payment of the actual cost of the items to plaintiff was rejected. Plaintiff then commenced this declaratory judgment action seeking a declaration of the method by which plaintiff's loss should be adjusted under the policy and fixing the amount of the loss. When plaintiff's motion for partial summary judgment, seeking a declaration that the term "actual cash value" meant retail market value, was denied, plaintiff appealed.

Both parties agree that paragraph 8 (c) of the policy, which provides that the basis of adjustment shall be "actual cash value", governs the adjustment of the loss. The disagreement concerns the proper definition of the term "actual cash value". Plaintiff contends that this term means retail market value and seeks to recover the retail value of its unsold inventory. Defendant, on the other hand, contends that "actual cash value" means plaintiff's invoice cost, freight charges and the preparation costs associated with plaintiff's inventory that was destroyed. We agree with defendant.

The basis and foundation of all insurance policies is to " 'indemnify the assured, that is, save him harmless or put him in as good a condition, so far as practicable, as he would have been in if no fire had occurred' " *(McAnarney v Newark*

*Fire Ins. Co.,* 247 NY 176, 184). Were we to accept plaintiff's argument and adjust his loss of unsold inventory at retail market value, plaintiff would clearly be in a better position than he was before the fire.

The parties agree that there are no triable issues of fact that the construction of this insurance policy presents an issue of law to be determined by the court *(see, Loblaw, Inc. v Employers' Liab. Assur. Corp.,* 57 NY2d 872, 876 [Fuchsberg, J., concurring]; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291). Although defendant neither made a cross motion for partial summary judgment nor cross-appealed, a motion for summary judgment searches the record (CPLR 3212 [b]); thus, this court may grant summary judgment to defendant *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111).

Accordingly, we grant partial summary judgment to defendant and affirmatively declare that "actual cash value" in this case means the invoice price of the lost and unsold inventory, together with the applicable freight charges and other reasonable dealer preparation costs. (Appeal from order of Supreme Court, Ontario County, Reed, J.—partial summary judgment.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.