■ SUSAN JOSEPH, as Parent and Natural Guardian of RANDIE JOSEPH, II, Respondent-Appellant, v CITY OF BUFFALO, Appellant-Respondent, and RANDIE JOSEPH, Respondent-Appellant.—Order affirmed without costs. Memorandum: In affirming Supreme Court we note that the dissenters stretch to reach a result which was not requested before Special Term or on appeal.

All concur, except Denman and Balio, JJ., who dissent in part and vote to modify, in the following memorandum.

Denman and Balio, JJ. (dissenting). We respectfully dissent, in part.

Defendant Randie Joseph, a Buffalo police officer, returned to his home shortly after 8:00 A.M. on December 10, 1976, following completion of his work shift. He played for a time with his two children, then placed his loaded police revolver under the mattress of his three-year-old son's bed. A short time later, the son apparently rolled up the mattress, found the gun and shot himself in the head.

Plaintiff, the infant's mother, instituted this action on her son's behalf against defendant Joseph and the City of Buffalo in 1984. The city brought a third-party action against Randie Joseph for a judgment declaring that Joseph was not acting within the scope of his employment when he placed the gun under the mattress and when the accident occurred. By prior order of the court, the two actions were consolidated.

Following joinder of issue, defendant Randie Joseph moved for summary judgment on the issues of whether he was acting within the scope of his employment at the time of the accident and whether the city is vicariously liable for his conduct. Plaintiff made a separate motion for partial summary judgment on the issue of liability of defendant Joseph. Supreme Court granted plaintiff's motion, holding that, as a matter of law, defendant Randie Joseph was negligent in the handling of his weapon. The court denied defendant Joseph's application for summary judgment, however, concluding that factual questions existed on the issue whether defendant Joseph was acting within the scope of his employment.

Plaintiff and defendant Randie Joseph have appealed from that portion of the order which denied defendant Joseph's motion for summary judgment on the issue of the city's liability. In her brief on appeal, however, plaintiff does not address that issue. Her sole contention is that the part of the order granting her partial summary judgment on the issue of defendant Joseph's negligence should be affirmed. Defendant Joseph contends that the city failed to raise an issue of fact on the scope of his employment and that, as a matter of law, summary judgment should have been granted in his favor holding the city vicariously liable for his acts. The city did not appeal from that portion of the order denying defendant Joseph's motion on the issue of the city's liability; it appealed only from that portion of the order holding that, as a matter of law, Joseph was negligent.

Supreme Court erred in concluding that, because Joseph was required to be available for duty and to carry his gun at all times, there were factual issues whether Joseph's negli-

gence was within the scope of his employment. The court's reliance upon *Kull v City of New York* (32 NY2d 951, *revg* 40 AD2d 829) was misplaced, despite its factual similarities to the subject case. In *Kull,* a police officer, while at home 2½ hours before he was to report for duty, placed his revolver on top of a television set in order to answer the phone. An infant guest in the home picked up the gun and shot himself in the leg. The Court of Appeals reversed on the dissenting memorandum at the Appellate Division, which concluded that, because the employer's regulations required that patrolmen be available for duty at all times and carry a revolver at all times, "it cannot be said that the patrolman's actions with regard to his revolver were not in furtherance of his employer's interests" *(Kull v City of New York,* 40 AD2d 829 [dissenting mem]). Two years after *Kull* was decided and one year prior to the subject incident, however, the Legislature enacted section 50-j of the General Municipal Law, defining the indemnification responsibility and liability of municipalities for the acts of police officers. Subdivision (2) of that section provides that off-duty officers "shall be deemed to be acting in the discharge of duty when engaged *in the immediate and actual performance of a public duty imposed by law"* (emphasis added). A municipality may not, therefore, be held vicariously liable for the acts of an off-duty officer "absent some evidence that [the officer] was at least arguably engaged in police business" as opposed to a private matter *(Garcia v City of New York,* 104 AD2d 438, 439, *affd* 65 NY2d 805; *see also, Alifieris v American Airlines,* 63 NY2d 370, 375; *Fuller v City of Yonkers,* 100 AD2d 926).

It is uncontroverted that defendant Joseph was at home with his family and not engaged in any police business at the time of the unfortunate incident. As such, the instant case is distinguishable from *Clancy v County of Nassau* (142 AD2d 626), where an off-duty officer was in the process of investigating a disturbance when he fired shots from his gun. Defendant Joseph was involved in private matters, not the performance of police duties, when the subject accident occurred, and the city cannot be held vicariously liable for his conduct *(see, Garcia v City of New York, supra; Fuller v City of Yonkers,* 100 AD2d 926, *supra).*

The procedural context of this appeal presents a problem in terms of the appropriate disposition to be made. Denial of Randie Joseph's motion for summary judgment on the issues concerning scope of employment and vicarious liability was proper. Defendant Joseph is correct, however, in contending that there are no factual questions requiring a trial. The facts

concerning whether defendant Joseph was involved in police work are uncontroverted in this record. Moreover, the court, in concluding that factual issues exist, erroneously relied upon *Kull v City of New York (supra)*. The majority's affirmance, therefore, conveys two erroneous impressions to the litigants and to the trial court, i.e., that the court's analysis of the law was correct and that there are factual issues that must be submitted to a jury. Should a jury conclude that the city is liable and the city appeals therefrom, this court would again face the same legal question presented on this appeal. This problem arises because the city did not seek summary judgment. The procedural context is further complicated because the city contends that we should affirm the court's determination that there are factual issues under section 50-j of the General Municipal Law sufficient to warrant a trial. This court is not, however, without the power to dispose of an erroneous determination simply because a party has failed to request the proper relief.

This appeal concerns summary judgment relief, and it is clear that this court has the power to grant whatever relief could have been granted by the trial court (CPLR 3212 [b]), including summary judgment in favor of a party who did not request it or appeal from the order *(Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111; *Taterka v Nationwide Mut. Ins. Co.,* 91 AD2d 568, 569, *affd* 59 NY2d 743; *W.W.W. Assocs. v Giancontieri,* 152 AD2d 333, 342, *lv granted* 76 NY2d 704; *Bosun's Locker v Fireman's Fund Ins. Cos.,* 147 AD2d 907, 908). Moreover, whether factual issues exist is a matter for the court to determine, and we are not bound by the positions of the parties regarding the existence of factual issues *(see, Smith v Town of Warwick,* 71 AD2d 618, 620). Under the circumstances of the instant case, we believe that this court not only has the power, but also the responsibility, to award summary judgment to the city *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard, supra,* at 112). Consequently, we would declare that the city is not vicariously liable for the actions of Randie Joseph because he was not acting within the scope of his employment and, hence, the order should be modified to grant summary judgment dismissing the action against the City of Buffalo. (Appeals from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.