■ SUSAN JOSEPH, as Parent and Natural Guardian of RANDIE JOSEPH, II, an Infant, Respondent, v CITY OF BUFFALO, Appellant, and RANDIE JOSEPH, Respondent. (Action No. 1.) CITY OF BUFFALO, Appellant, v RANDIE JOSEPH, Respondent. (Action No. 2.)—Order unanimously reversed on the law without costs, motion for summary judgment granted and complaint against City of Buffalo dismissed. Memorandum: On a prior appeal, this Court affirmed Supreme Court's denial of defendant Randie Joseph's motion for summary judgment on the issue whether defendant Joseph was acting within the scope of his employment when the incident occurred (see, Joseph v City of Buffalo, 167 AD2d 830). The majority declined to decide whether the City of Buffalo was entitled to summary judgment on that issue, expressly observing that the City did not seek such relief before Supreme Court or on appeal. Plaintiff Susan Joseph then moved for an order compelling further discovery, and the City moved for summary judgment dismissing the complaint. The City also cross-moved for a protective order barring further discovery. Supreme Court granted in part plaintiff's request for further discovery, denied in part the City's cross motion for a protective order, and directed that the City's motion for summary judgment be held in abeyance pending the completion of discovery and further submissions.

Supreme Court should have decided the summary judgment motion. Neither plaintiff nor defendant Joseph opposed the City's summary judgment motion upon the ground that facts essential to justify opposition existed but could not be stated, and neither party demonstrated that further discovery was essential to oppose the motion (see, CPLR 3212 [f]). Moreover, plaintiff joined in defendant Joseph's prior motion for summary judgment and, thus, both parties previously have taken the position that further discovery is not essential to the court's consideration of that relief.

We also conclude that our prior determination does not constitute the law of the case. This Court did not consider the City's entitlement to summary judgment on the prior appeal because the City did not request that relief. Under the circumstances, our affirmance of the order denying summary judgment means only that defendant Joseph was not entitled to summary judgment. Further, although multiple summary

judgment motions should be discouraged *(see, Marine Midland Bank v Fisher,* 85 AD2d 905, 906), the unique circumstances of this case provide sufficient cause for consideration of the City's motion.

Additionally, we conclude that the City was entitled to summary judgment. With respect to the allegation of negligent training and supervision, the uncontroverted evidence shows that each police officer is instructed that, when at home, all ammunition should be removed from his service handgun and stored in a location separate from the handgun. Also, officers are advised to lock the weapon in some manner, and instruction is given on three different means of locking the weapon to prevent it from firing. The parties opposing summary judgment did not submit any evidentiary material sufficient to raise a triable issue on the allegation of negligent training and supervision. On the issue whether the City is vicariously liable for the acts of defendant Joseph, we adopt the analysis set forth in the dissent on the prior appeal *(see, Joseph v City of Buffalo, supra,* at 831-833) and conclude that defendant Joseph, while at home with his family, was not engaged in any police business and that the City is not vicariously liable for his conduct *(see,* General Municipal Law § 50-j; *see also, Garcia v City of New York,* 104 AD2d 438, *affd* 65 NY2d 805; *Fuller v City of Yonkers,* 100 AD2d 926).

Although it is not necessary to reach the discovery issue, were we to consider that issue we would find that Supreme Court should not have granted plaintiff's request for further discovery. It is settled law that, upon the filing of a note of issue and statement of readiness, a party is foreclosed from further discovery, absent a demonstration of special, unusual or extraordinary circumstances *(Laudico v Sears, Roebuck & Co.,* 125 AD2d 960, 961; *Giglio v Carucci,* 116 AD2d 1040). The parties cannot, by private agreement, circumvent this rule *(Stanovick v Donner-Hanna Coke Corp.,* 116 AD2d 1000; *Gray v Crouse-Irving Mem. Hosp.,* 107 AD2d 1038, 1039). The unusual and extraordinary circumstances must be spelled out factually *(Laudico v Sears, Roebuck & Co., supra; Doll v Kleinklaus,* 66 AD2d 1003, 1004), and the making of a summary judgment motion does not automatically constitute extraordinary circumstances *(Boisvert v Town of Grafton,* 131 AD2d 910, 911). Plaintiff has shown no special circumstance warranting further discovery some five years after filing of the note of issue and statement of readiness and 18 months after the date this case initially was scheduled for trial. (Appeal from Order of Supreme Court, Erie County, Fudeman, J.—

Discovery.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.