OPINION OF THE COURT
 

 Smith, J.
 

 The primary issue in this case is whether defendant City of Buffalo is entitled to summary judgment on the issue of its vicarious liability for the acts of defendant Joseph, an off-duty police officer, that resulted in severe injuries to his infant son.
 

 On December 10, 1976, at approximately 8:00 a.m., defendant Randie Joseph, a police officer with the Buffalo Police Department, completed his eight-hour work shift and returned home carrying his loaded police service revolver. Defendant then went to the upstairs bedroom of his infant children, where he lay down on the bed of his three-year-old son, placed the unlocked, loaded revolver underneath the mattress, and observed his children as they played. As defendant later reclined downstairs on his living room couch, he heard the sound of a firearm being discharged. He ran upstairs to find his son underneath the mattress of his bed with a gunshot wound to his head. Defendant’s son had apparently rolled up the mattress and found defendant’s service revolver, which had discharged, injuring the infant.
 

 Plaintiff, the child’s mother, commenced this personal injury action against the City of Buffalo alleging vicarious liability under the doctrine of respondeat superior. The City initiated a third-party action against Joseph for a judgment declaring that defendant was not acting within the scope of his employment when he placed the gun under his son’s mattress and when the accident occurred. Plaintiff moved for partial summary judgment against both defendants on the issue of liability. Plaintiff also joined Joseph’s motion for summary judgment on the issue of the City’s vicarious liability. Supreme Court granted plaintiff’s motion for partial summary judgment against Joseph on the issue of liability, and, citing
 
 Kull v City of New York
 
 (32 NY2d 951,
 
 revg
 
 40 AD2d 829), denied defendant Joseph’s summary judgment motion against the City. The court concluded that whether Joseph’s negligence was attributable to the City of Buffalo could not be determined as a matter of law, but rather had to be left to the
 
 *145
 
 trier of fact. The Appellate Division affirmed, with two Justices dissenting (167 AD2d 830). While the majority declined to reach the issue of the vicarious liability of the municipality, the dissent determined that Supreme Court’s reliance on
 
 Kull v City of New York,
 
 which was decided prior to the enactment of General Municipal Law § 50-j, was misplaced because under section 50-j "[a] municipality [cannot] be held vicariously liable for the acts of an off-duty officer 'absent some evidence that [the officer] was at least arguably engaged in police business’ as opposed to a private matter”
 
 (id.,
 
 at 832). Thus, the dissent concluded that summary judgment should be granted dismissing the action against the City since Joseph was not engaged in police business when he placed the gun under his son’s mattress and when the accident occurred.
 

 Thereafter, Supreme Court granted plaintiff’s request for further discovery, denied in part defendant City’s cross motion for a protective order, and directed that the City’s motion for summary judgment be held in abeyance pending the completion of discovery and further submissions. The Appellate Division reversed, on the law, granted the City’s motion for summary judgment, and dismissed the complaint against that defendant (187 AD2d 946). The Court expressly adopted the analysis set forth in the dissent on the prior appeal and concluded that Joseph, at the time of the conduct in issue, was not engaged in any police business and that the City is not vicariously liable for his conduct
 
 (id.,
 
 at 947). This Court granted plaintiff’s motion for leave to appeal.
 
 *
 

 Contrary to plaintiff’s assertion, section 50-j of the General Municipal Law does not preclude summary judgment in this case. That statute governs the ultimate responsibility for negligence in the performance of duties by police officers. Subdivision (1) provides, in part, that a city shall assume the liability for the negligent act or tort of a duly appointed police officer of such municipality "provided such police officer, at the time of the negligent act or tort complained of, was acting in the performance of his duties and within the scope of his employment.” A police officer is deemed to be acting in the discharge of duty "when engaged in the immediate and actual performance of a public duty imposed by law and such public duty performed was for the benefit of the citizens of the community * * * and the municipal corporation * * * derived
 
 *146
 
 no special benefit in its corporate capacity” (General Municipal Law § 50-j [2]).
 

 Here, Joseph was not acting in the performance of his duties and within the scope of his employment when he placed the gun under his son’s mattress and when the accident occurred as he napped in his home. Rather, he had returned home from work, placed the unlocked, loaded revolver underneath his son’s mattress and gone downstairs to rest when his revolver accidentally discharged several hours later. Thus, it cannot be said that Joseph was engaged in the immediate and actual performance of a public duty imposed by law. The fact that rules 4.8.6 and 4.1.9 of Rules for the Government and Discipline of the Police Department of the City of Buffalo require police officers to carry their service revolvers while off duty, and to undertake the same responsibility for the suppression of disturbances and in the arrest of offenders when off duty as when on duty, does not warrant a different result. Furthermore, rule 4.8.3 states that police officers "shall be responsible for the security of their firearms at all times.”
 

 We must examine
 
 Kull v City of New York (supra)
 
 and the impact, if any, of section 50-j. In
 
 Kull,
 
 a police officer was preparing to go on his tour of duty. He had just finished shaving and was walking toward his kitchen carrying his revolver. He placed the revolver on a television set in order to put on his shirt. Shortly thereafter, the infant plaintiff picked up the revolver and was injured when it accidentally discharged. That feature materially differentiates
 
 Kull
 
 from the present case, where the officer left his loaded service revolver unattended under his infant son’s mattress for several hours while he napped in his own home. That conduct is wholly unrelated to any duty involving his employment.
 

 The Appellate Division majority in
 
 Kull
 
 determined that there was no evidence upon which a jury could find that the police officer was acting within the scope of his employment at the time of the accident (40 AD2d 829,
 
 supra).
 
 Noting that the Police Department’s regulations required the police officer to be available for duty at all times and to carry a revolver at all times, the dissent concluded that the issue of whether the police officer’s actions were "in furtherance of his employer’s interests” was a question of fact for the jury, and that it was error for the trial court to hold, as a matter of law, that any negligence on the part of the police officer was not attributable to the Police Department, the sole defendant
 
 (id.,
 
 at 830).
 
 *147
 
 This Court reversed on the dissenting opinion at the Appellate Division (32 NY2d 951,
 
 supra).
 

 Section 50-j was intended to extend the applicability of the previous General Municipal Law § 50-j, which was limited to the City of New York, "to all counties, cities, towns, villages, authorities and agencies to require them to assume the liability of and save harmless any duly appointed police officer for any negligent act committed in the performance of his duties and within the scope of his employment” (Mem of Dept of State, Bill Jacket, L 1975, ch 843). The purpose of the statute is to protect police officers from liability for their negligent acts while in the furtherance of their employers’ interests, or in the statutory words "in the immediate and actual performance of a public duty imposed by law” (General Municipal Law § 50-j [2]). This purpose does not affect the force of
 
 Kull v City of New York,
 
 our distinguishing it, or the applicable common-law principles of vicarious liability.
 

 We have examined plaintiff’s remaining contentions and conclude that they are without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Beliacosa, Levine and Ciparick concur; Judge Titone taking no part.
 

 Order affirmed, with costs.
 

 *
 

 Defendant Joseph’s cross motion for leave to appeal was dismissed as untimely.