■ Nicki Hatzis et al., Appellants, v Martin Belliard et al., Respondents. (And a Third-Party Action.) [786 NYS2d 40]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered November 21, 2003, which, in an action for personal injuries sustained when plaintiffs' vehicle was hit in the rear by defendants' vehicle and then pushed into the rear of the vehicle in front of it, insofar as appealed from, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants made a prima facie showing that the accident was not due to their negligence, namely, that their vehicle was pushed into the rear of plaintiffs' vehicle when it was itself hit in the rear by another vehicle. This shifted the burden to plaintiffs to raise an issue of fact as to defendants' negligence (see Cerda v Parsley, 273 AD2d 339, 340 [2000]). Plaintiffs failed to meet this burden. Their passenger's affidavit does not, as they claim, raise an issue as to whether their vehicle was hit twice in the rear by defendants' vehicle, once before defendants' vehicle itself was hit in the rear and once after. Rather, the affidavit states that there were two impacts, the first from behind "and one second later, a second impact occurred." There is no indication as to which part of plaintiffs' vehicle was hit in the second impact or that the second impact was with defendants' vehicle. If anything, the affidavit suggests that the second impact was in the front, when plaintiffs' vehicle was pushed into the vehicle ahead of it, consistent with plaintiffs' own deposition testimony. A motion for summary judgment cannot be defeated by "[a] shadowy semblance of an issue" (Capelin

*Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341 [1974]). Concur—Tom, J.P., Saxe, Williams, Sweeny and Catterson, JJ.