■ ESTELLE MARR MELCHER, Respondent, v CITY OF NEW YORK et al., Defendants, and DISANO CONSTRUCTION Co., INC., Appellant. [832 NYS2d 186]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered on or about June 16, 2006, which denied defendant Disano Construction Co.'s motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Plaintiff commenced this action against, among others, defendant Disano to recover damages for personal injuries she allegedly sustained as a result of a trip-and-fall accident that occurred on the sidewalk on the north side of 49th Street between Madison and Fifth avenues. After the joinder of issue and some disclosure, Disano moved for summary judgment dismissing the complaint as against it, claiming that it did not perform any construction work at the location where the accident occurred. In support of its motion, Disano submitted the deposition testimony of one of its employees whose position required him to oversee all concrete replacement projects, and the deposition testimony of a record searcher for the New York City Department of Transportation. According to the testimony of these witnesses, although Disano had performed work on the south side of 49th Street between Madison and Fifth avenues, it did not perform any work on the north side of 49th Street.

Plaintiff opposed the motion solely on the ground that Disano failed to respond to a disclosure demand requesting any and all records regarding work performed by it on 49th Street between Madison and Fifth avenues. In reply, Disano noted that it had responded to a similar demand made by a codefendant, albeit

limited to records pertaining to the south side of 49th Street between Madison and Fifth avenues, and that its response was served on plaintiff.

Supreme Court erred in denying the motion. Disano made a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint as against it. Specifically, Disano established that it did not perform any construction work where the accident occurred, i.e., north side of 49th Street between Madison and Fifth avenues (*see Robinson v City of New York*, 18 AD3d 255 [2005]). In opposition, plaintiff invoked CPLR 3212 (f), which, under certain circumstances, allows a court to deny a motion for summary judgment to permit a party opposing the motion to obtain further disclosure. Plaintiff, however, waived her right to further disclosure when she filed her note of issue and certificate of readiness, which stated both that disclosure was complete and that there were no outstanding disclosure requests (*see Escourse v City of New York*, 27 AD3d 319 [2006]; *Malloy v Madison Forty-Five Co.*, 13 AD3d 55 [2004]; *see also Matuszak v B.R.K. Brands, Inc.*, 23 AD3d 628 [2005]; *Joseph v City of Buffalo*, 187 AD2d 946 [1992], *affd on other grounds* 83 NY2d 141 [1994]).* Plaintiff's remedy with regard to Disano's failure to respond to the demand was to make a motion pursuant to CPLR 3214 or 3216 before filing the note of issue and certificate of readiness, a course of action she chose not to take (*see Brown v Veterans Transp. Co.*, 170 AD2d 638 [1991]). Concur—Tom, J.P., Mazzarelli, Williams, Buckley and McGuire, JJ.

* Plaintiff filed the note of issue and certificate of readiness approximately a year and eight months after her demand and approximately 6½ months after Disano's response to the codefendant's demand, which was served on plaintiff.