Rosa Ingles, Appellant, v Architron Designers and Builders, Inc., Respondent. [25 NYS3d 603]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson Jr., J.), entered October 15, 2014, which, to the extent appealed from as limited by plaintiff's brief, granted defendant's motion for summary judgment dismissing the complaint on the merits, unanimously affirmed, without costs.

Plaintiff alleges that she tripped and fell on a defective roadway in front of buildings located at 330 and 340 W. 28th Street, in Manhattan. Defendant made a prima facie showing that it did not perform any work at the location of plaintiff's alleged fall, by submitting, among other things, the affidavit of its vice president, who asserted that the work was performed in front of 360 W. 28th Street, and did not extend to the location where plaintiff allegedly fell (see *Melcher v City of New York*, 38 AD3d 376, 377 [1st Dept 2007]).

In opposition, plaintiff failed to raise a triable issue of fact. The permits issued to defendant allowing it to pave a maximum of 100 feet of roadway do not raise an issue of fact as to whether it actually paved that amount or whether the work it performed encompassed the area of plaintiff's fall (see *Bermudez v City of New York*, 21 AD3d 258 [1st Dept 2005]). Further, the affidavit of defendant's vice president does not contradict his deposition testimony. Concur—Friedman, J.P., Sweeny, Saxe and Gische, JJ.

The People of the State of New York, Respondent, v Javier Guaman, Appellant. [25 NYS3d 604]—Order, Supreme Court, New York County (Juan M. Merchan, J.), entered May 7, 2014, adjudicating defendant a level two sexually violent offender under the Sex Offender Registration Act, unanimously affirmed, without costs.

The court properly exercised its discretion when it declined to grant a downward departure (see *People v Gillotti*, 23 NY3d 841 [2014]). The only ground for departure cited by defendant is his deportation to Ecuador. However, we reject defendant's argument that his deportation resulted in such a reduced risk to public safety as to warrant a downward departure (see *People v Zepeda*, 124 AD3d 417 [1st Dept 2015], *lv denied* 25 NY3d 902 [2015]). Concur—Friedman, J.P., Sweeny, Saxe and Gische, JJ.