Rohr v Dewald (2018 NY Slip Op 04160)





Rohr v Dewald


2018 NY Slip Op 04160


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


606 CA 17-02111

[*1]GREGORY P. ROHR, PLAINTIFF-RESPONDENT,
v
JAMES DEWALD, DEFENDANT, AND PUMPCRETE CORPORATION, DEFENDANT-APPELLANT. 






CULLEY MARKS TANENBAUM & PEZZULO LLP, ROCHESTER (GLENN E. PEZZULO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CELLINO & BARNES, P.C., BUFFALO (PATRICK A. LITTLE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered June 5, 2017. The order, inter alia, denied that part of the cross motion of defendant Pumpcrete Corporation for partial summary judgment with respect to the Labor Law § 241 (6) cause of action against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the cross motion in its entirety and dismissing the Labor Law § 241 (6) cause of action against defendant Pumpcrete Corporation, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained during a construction accident on property owned by defendant James Dewald. Plaintiff was injured while guiding a concrete pump hose that was attached to a truck owned and operated by defendant Pumpcrete Corporation (Pumpcrete). An obstruction formed in the pump hose, causing wet concrete to suddenly be ejected from the hose and knocking plaintiff off of the scaffolding upon which he was standing. At the time of the accident, plaintiff was working for the general contractor, which had hired Pumpcrete to supply the concrete pumping equipment.
In his complaint, plaintiff asserted causes of action for common-law negligence and violations of Labor Law §§ 240 (1) and 241 (6). Plaintiff moved for partial summary judgment on liability with respect to the common-law negligence cause of action against Pumpcrete, and Pumpcrete cross-moved for partial summary judgment dismissing the section 240 (1) and 241 (6) causes of action against it. Plaintiff thereafter stipulated to the dismissal of the section 240 (1) cause of action against Pumpcrete, and Supreme Court denied the motion and cross motion. Pumpcrete appeals.
With respect to the Labor Law § 241 (6) cause of action against Pumpcrete, we note that, "while under that statute owners and general contractors are generally absolutely liable for statutory violations . . . , other parties may be liable under th[at] statute[ ] only if they are acting as the agents of the owner or general contractor by virtue of the fact that they had been given the authority to supervise and control the work being performed at the time of the injury" (Knab v Robertson, 155 AD3d 1565, 1565-1566 [4th Dept 2017] [internal quotation marks omitted]; see Trombley v DLC Elec., LLC, 134 AD3d 1343, 1343 [3d Dept 2015]; Van Blerkom v American Painting, LLC, 120 AD3d 660, 661 [2d Dept 2014]; Krajnik v Forbes Homes, Inc., 120 AD3d 902, 904 [4th Dept 2014]; Johnson v Ebidenergy, Inc., 60 AD3d 1419, 1421 [4th Dept 2009]). Pumpcrete satisfied its initial burden of establishing as a matter of law that it was not an agent of the owner or general contractor by submitting deposition testimony from plaintiff and the Pumpcrete pump operator that Pumpcrete lacked authority to supervise or control plaintiff's [*2]work, and plaintiff failed to raise a triable issue of fact in response (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore conclude that the court erred in denying that part of Pumpcrete's cross motion with respect to the Labor Law § 241 (6) cause of action, and we modify the order accordingly.
We reject Pumpcrete's contention, however, that it is entitled to summary judgment dismissing the common-law negligence cause of action against it. Although Pumpcrete did not seek that relief in its cross motion, "we may search the record notwithstanding that failure because th[e] [negligence] cause of action was the subject of plaintiff's motion, which placed the issue before the motion court" (Charter Sch. for Applied Tech. v Board of Educ. for City Sch. Dist. of City of Buffalo, 105 AD3d 1460, 1462 [4th Dept 2013]; see generally Mercedes-Benz Credit Corp. v Dintino, 198 AD2d 901, 902 [4th Dept 1993]; Bosun's Locker v Fireman's Fund Ins. Cos., 147 AD2d 907, 908 [4th Dept 1989]). Nevertheless, upon searching the record, we conclude that Pumpcrete is not entitled to summary judgment dismissing the negligence cause of action against it because the conflicting expert opinions with respect to that cause of action create triable issues of fact (see Cook v Peterson, 137 AD3d 1594, 1596 [4th Dept 2016]; Corbett v County of Onondaga, 291 AD2d 886, 887 [4th Dept 2002]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court