Mordekai v City of New York (2019 NY Slip Op 00431)





Mordekai v City of New York


2019 NY Slip Op 00431


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-08993
 (Index No. 9975/15)

[*1]Jacob Mordekai, appellant, 
v
City of New York, et al., respondents.


Morton Povman, P.C., Forest Hills, NY (Bruce Povman of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Antonella Karlin of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries and for civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated July 7, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging assault and battery, and denied the plaintiff's cross motion, in effect, to impose a sanction on the defendants by precluding them from relying upon certain evidence in support of their motion for summary judgment or introducing such evidence at trial, and for leave to amend the complaint to add a cause of action alleging the use of excessive force.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging assault and battery, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for leave to amend the complaint to add a cause of action alleging the use of excessive force, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
As the defendants concede on appeal, the Supreme Court should not have awarded them summary judgment dismissing the cause of action alleging assault and battery, as the plaintiff raised a triable issue of fact with respect to that cause of action. Additionally, as the defendants also concede, the court improvidently exercised its discretion in denying that branch of the plaintiff's cross motion which was for leave to amend the complaint to add a cause of action alleging the use of excessive force.
We agree with the Supreme Court's denial of that branch of the plaintiff's cross motion which was, in effect, to impose a sanction on the defendants by precluding them from relying upon certain evidence in support of their motion for summary judgment or introducing such evidence at trial. The plaintiff waived any objection to the adequacy and timeliness of the defendants' disclosure of certain evidence by filing a note of issue and certificate of readiness stating that disclosure was complete and that there were no outstanding requests for disclosure (see Iscowitz v [*2]County of Suffolk, 54 AD3d 725; Melcher v City of New York, 38 AD3d 376; Simpson v City of New York, 10 AD3d 601). In any event, the plaintiff did not make a showing of willful and contumacious conduct on the part of the defendants, nor did the plaintiff demonstrate that he would be substantially prejudiced by the post-note of issue disclosure of the evidence (see Iscowitz v County of Suffolk, 54 AD3d at 725).
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court