Vega v City of New York (2021 NY Slip Op 02375)





Vega v City of New York


2021 NY Slip Op 02375


Decided on April 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 20, 2021

Before: Webber, J.P., Kern, Oing, González, JJ. 


Index No. 114966/09 Appeal No. 13623 Case No. 2020-02532 

[*1]Renee Vega, Plaintiff-Respondent,
v
The City of New York, Defendant-Appellant, Consolidated Edison Company of New York, Inc., et al., Defendants.


James E. Johnson, Corporation Counsel, New York (Jamison Davies of counsel), for appellant.
Mark L. Lubelsky & Associates, New York (Thomas J. Sottile of counsel), for respondent.



Order, Supreme Court, New York County (Julio Rodriguez, III, J.), entered January 8, 2020, which denied defendant City of New York's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff was injured while rollerblading in front of the Columbia Street entrance to the Luther Gulick Playground when her right skate struck grid-shaped cut marks etched into the roadway. There is no dispute that the City did not receive prior written notice of the defect, as required by the Pothole Law (see Administrative Code of City of NY § 7-201[c] [2]). Accordingly, the burden shifted to plaintiff to establish that there are triable issues of fact as to whether affirmative negligence of the City's contractor caused the cuts to be etched into the roadway prior the accident (see Martin v City of New York, 191 AD3d 152, 155 [1st Dept 2020]).
Plaintiff's reliance on permits issued to the City's contractor authorizing it to reconstruct the catch basin is insufficient to raise an issue of fact as to whether it etched grid-shaped cut marks into the roadway where plaintiff fell (see Ingles v Architron Designers & Bldrs., Inc., 136 AD3d 605 [1st Dept 2016]). Sanjay Modi, the Construction Engineer in Charge for the catch basin repair contract, reviewed the work location and drawings for the project and affirmed that the only work performed pursuant to these permits by the City's contractor was approximately 64 feet away from where plaintiff fell (see Merrill v City of New York, 172 AD3d 483, 483 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2021