Cornejo v City of New York (2023 NY Slip Op 06329)

Cornejo v City of New York

2023 NY Slip Op 06329

Decided on December 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2023

Before: Kern, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 31282/18 Appeal No. 1184 Case No. 2023-01501 

[*1] Kiara S. Cornejo, as Administrator of the Estate of Danny I. Cornejo Coello et al., Plaintiffs,
v
The City of New York, Defendant, Zebra Technical Services, Defendant-Respondent, Empire City Subway Company, Defendant-Appellant. [And a Third-Party Action]

Goldberg Segalla LLP, New York (Matthew Levy of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (Nicholas Vevante of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on January 12, 2023, which denied defendant/third party plaintiff Empire City Subway Company's motion for summary judgment dismissing all claims and cross-claims as against it, unanimously affirmed, without costs.
Plaintiff Jose Cornejo testified that he and his brother, Danny Cornejo, were riding motorcycles westbound on Bronx and Pelham Parkway when he saw Danny lose control of his motorcycle in the far-right lane, approximately 500 feet east of the intersection with Eastchester Road, fall, and slide underneath a car stopped at the traffic light. Danny died from his injuries. Plaintiffs allege that the decedent's accident occurred because of a dangerous road condition near the intersection caused, in part, by Empire City, which performed roadwork in the vicinity.
Empire City failed to establish prima facie entitlement to summary judgment dismissing the complaint as against it (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]). In support of its argument that it had not performed work on the road where the decedent's accident occurred, Empire City submitted an affidavit from a research specialist employee whose responsibilities included reviewing various documents to locate Empire City's projects near claimed road defects. That employee stated that he had reviewed various Empire City records, including a street opening permit, a facilities map, and project documents, and found that Empire City "had no facilities or conduit and performed no work at the location" where the decedent allegedly lost control of his motorcycle. The affidavit is conclusory and fails to state whether a search was made to determine if there were any street opening permits in the area located 500 feet east of the intersection, where Jose testified that he saw the decedent lose control of his motorcycle (see Amini v Arena Constr. Co., Inc., 110 AD3d
414, 415 [1st Dept 2013]; Melcher v City of New York, 38 AD3d 376, 377 [1st Dept 2007]). Supreme Court therefore properly denied Empire City's motion for summary judgment. Empire City may renew its motion for summary judgment after discovery.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2023