Zatizabal v City of New York (2024 NY Slip Op 05505)

Zatizabal v City of New York

2024 NY Slip Op 05505

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Kapnick, J.P., Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 26833/16 Appeal No. 2990 Case No. 2023-04006 

[*1]Kevin Zatizabal, Plaintiff-Respondent,
v
The City of New York, et al., Defendants, Carlo Lizza & Sons Paving, Inc., et al., Defendants-Appellants.

Ahmuty Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for Carlo Lizza & Sons Paving, Inc., appellant.
Newman Myers Kreines Harris, P.C., New York (Gretchen A. Becht of counsel), for John P. Picone, Inc., appellant.
Davidoff Law PC, New York (Mark P. Getzoni of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered July 10, 2023, which, insofar as appealed from as limited by the briefs, denied the motions of defendants Carlo Lizza & Sons Paving Inc. (Lizza) and John P. Picone, Inc. (Picone) for summary judgment dismissing the complaint and all cross-claims as against them, unanimously modified, to grant Picone's motion, and otherwise affirmed, without costs.
Lizza failed to demonstrate prima facie that it did not launch a force or instrument of harm when it performed milling work in the area where plaintiff was injuredwhen the bicycle he was riding hit a hole in the roadway causing him to fall to the ground (see Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142 [2002]). There was no testimony or other evidence presented that the work site was reasonably safe upon completion of Lizza's work, and whether the roadway where Lizza worked was, in fact, inspected by defendant City of New York and found to be in a satisfactory condition.
However, summary judgment should have been granted to Picone. It presented evidence that its paving work was performed 113 feet away from the accident site, and that the work was satisfactorily completed based on the testimony of its equipment and project manager, the permits issued to Picone, and time and material reports. In opposition, plaintiff failed to raise a triable issue of fact. The screenshot of permits issued to Picone during the relevant period, which were presented by way of the affirmation of plaintiff's counsel, was insufficient because no evidence was presented that the work for which the permits were issued was actually performed by Picone (see Ingles v Architron Designers & Bldrs., Inc., 136 AD3d 605 [1st Dept 2016]; Amini v Arena Constr. Co., Inc., 110 AD3d 414, 415 [1st Dept 2013]). The actual permits were not submitted to the court, and the evidence in the screenshot was not authenticated.
We have considered Lizza's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024