**Frame v City of New York**

2025 NY Slip Op 31096(U)

April 4, 2025

Supreme Court, New York County

Docket Number: Index No. 158312/2019

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. RICHARD TSAI**
                                                            *Justice*

PART          21

-------------------------------------------------------------------------------X

SUSAN FRAME,

                              Plaintiff,

          - v -

THE CITY OF NEW YORK, METROPOLITAN TRANSIT
AUTHORITY, TRIUMPH CONSTRUCTION CORP.,
SAFEWAY CONSTRUCTION ENTERPRISES LLC,
CONSOLIDATED EDISON COMPANY OF NEW YORK, and
NEW YORK CITY TRANSIT AUTHORITY,

                              Defendants.

-------------------------------------------------------------------------------X

METROPOLITAN TRANSPORTATION AUTHORITY and
NEW YORK CITY TRANSIT AUTHORITY

                    Third-Party Plaintiffs,


                    -against-

MONTE THREE EAST 86TH STREET ASSOCIATES, LLC,

                    Third-Party Defendant.
-------------------------------------------------------------------------------X
MONTE THREE EAST 86TH STREET ASSOCIATES, LLC,

                    Second Third-Party Plaintiff,

                    -against-

GILBANE RESIDENTIAL CONSTRUCTION, LLC,

                    Second Third-Party Defendant.
-------------------------------------------------------------------------------X
TRIUMPH CONSTRUCTION CORP.

                    Third Third-Party Plaintiff,

                    -against-

CITYWIDE PAVING, INC.
                    Third Third-Part Defendant.
-------------------------------------------------------------------------------X

INDEX NO.          158312/2019

MOTION DATE          01/15/2025

MOTION SEQ. NO.          002


**DECISION + ORDER ON
MOTION**


Third-Party
Index No.  595995/2023


Second Third-Party
Index No.  596032/2023


Third Third-Party
Index No.  596112/2023

**158312/2019   FRAME, SUSAN vs. THE CITY OF NEW YORK ET AL**
  **Motion No.  002**

**Page 1 of 4**

[* 1]

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 102-123, 125, 143 were read on this motion to/for _____ DISMISS _____ .

Upon the foregoing documents, it is **ORDERED** Third Third-Part Defendant that the motion for summary judgment by second third-party defendant Gilbane Residential Construction LLC is **GRANTED**, and the second third-party complaint is severed and dismissed, with costs and disbursements to second third-party defendant Gilbane Residential Construction LLC, upon submission of an appropriate bill of costs; and it is further

ORDERED that the Clerk is directed to enter judgment in favor of second third-party defendant Gilbane Residential Construction LLC accordingly; and it is further

ORDERED that the remainder of the action shall continue.

In this personal injury action, plaintiff testified at a statutory hearing and a 50-h hearing that she tripped and fell on the south side (eastbound lane) of 86th Street (*see* Exhibit D in support of motion, statutory hearing tr at 39, line 25 through 40, line 8; at 45, lines 10-11, 24-25; at 46, lines 7-8, 24 [NYSCEF Doc. No. 108]; *see also* Exhibit E in support of motion, 50-h hearing tr at 12-13 [NYSCEF Doc. No. 109]).

Gilbane established that its work was limited to property on the northeast corner of East 86th Street and Lexington Avenue.

According to a Construction Management Agreement dated as of December 1, 2016, Monte, along with another company, retained Gilbane Residential Construction, LLC (Gilbane) as the Construction Manager for the construction of an 18 story residential condominium (*see* Exhibit B in support of motion [NYSCEF Doc. No. 106]). Melissa Steeves, who was then a Project Executive for Gilbane, avers that the construction project was on the northeast corner of East 86th Street and Lexington Avenue (*see* Exhibit A in support of motion, Steeves aff ¶ 2 [NYSCEF Doc. No. 105]).

Monte Three East 86th Street Associates, LLC (Monte) fails to raise a triable issue of act as to whether there was a negligent act attributable to Gilbane's construction that created the alleged defect in this case. Monte essentially argues that, if there were any doubt as to whether construction work caused the defect, it could only have been Gilbane's fault (*see* affirmation of Monte's counsel in opposition ¶ 18 [NYSCEF Doc No 125]).

Thus, because construction of the building was not in the area where plaintiff allegedly tripped and fell, Gilbane is granted summary judgment dismissing the third cause of action for common-law indemnification and the fourth cause of action for contribution of the second third-party complaint (*see Camacho v City of New York*, 135 AD3d 482, 483 [1st Dept 2016]; *Ingles v Architron Designers & Bldrs., Inc.*, 136 AD3d 605 [1st Dept 2016]; *Melcher v City of New York*, 38 AD3d 376, 377 [1st Dept 2007]).

158312/2019   FRAME, SUSAN vs. THE CITY OF NEW YORK ET AL
Motion No.  002

Page 2 of 4

2 of 4

[* 2]

Gilbane is also entitled to summary judgment dismissing the first cause of action of the second third-party complaint, for contractual indemnification.

Section 19.1 of the Construction Management Agreement between Monte and Gilbane provides, in relevant part, that Gilbane will "indemnify, defend, and hold" Monte

"harmless from and against all claims, actions, damages, losses and expenses, . . . arising out of or resulting from the performance of the Work and/or breach of this Agreement, provided that any such claim, damage, loss or expense (i) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), and (ii) to the extent attributable to any negligent act or omission of Construction Manager, anyone employed by it or anyone for whose acts it may be liable" (*see* Exhibit B in support of motion, Construction Management Agreement at 71 [NYSCEF Doc. No. 106]).

The court agrees with Gilbane that, given the record presented, the main action is not "arising out of or resulting from the performance of the Work" nor "attributable to any negligent act or omission" of Gilbane, its employees, or its trade contractors, so as to trigger contractual indemnification under Section 19.1 of the Construction Management Agreement (*see Martinez v Tishman Const. Corp.,* 227 AD2d 298, 299 [1st Dept 1996]).

Lastly, Gilbane is entitled to summary judgment dismissing the second cause of action of the second third-party complaint, for failure to procure insurance.

Section 12.2.2.4 of the Construction Management Agreement required Gilbane to purchase:

"Commercial General Liability Insurance with a policy limit of not less than Two Million Dollars ($2,000,000.00) per occurrence / Four Million Dollars ($4,000,000.00) general aggregate limit per Project/location covering the liability of the Owner and Construction Manager for bodily injury, including death, and property damage **arising out of the performance of the Work on the Project**" (*see* Exhibit B in support of motion, Construction Management Agreement at 57 [emphasis added]).

Gilbane submits a redacted copy of a policy issued by Zurich American Insurance Company to Gilbane Building Company, policy number GLO 0111994-01, in effect from February 27, 2015 to February 27, 2020 (*see* Exhibit N in support of motion [NYSCEF Doc. No. 118]).

According to the Commercial General Liability Coverage policy declarations, the general aggregate limit was $6 million, and the limit for each occurrence was $3 million (*id.* at U-GL-D-1115-B CW [9/04]). An endorsement adds Monte as a named insured, "but solely with respect to liability arising out of . . . The contract for construction management and general contractor services between Gilbane Residential

158312/2019   FRAME, SUSAN vs. THE CITY OF NEW YORK ET AL          Page 3 of 4
Motion No.  002

3 of 4

Construction, LLC and Monty Two East 86th Associates LLC/ Monty Three East 86th Street Associates LLC" (*id.*, endorsement U-GL-1114-A CW [10-02]). Thus, Gilbane has met its prima facie burden that the requisite policy coverage was procured as required under Section 12.2.2.4 of the Construction Management Agreement.

In opposition, Monte does not dispute that the Zurich insurance policy that Gilbane obtained failed to comply with Section 12.2.2.4 of the Construction Management Agreement. Rather, Monte argues that, pursuant Section 12.1.1 of the Construction Management Agreement, it elected to participate in Gilbane's Contractor-Controlled Insurance Program (CCIP), the details of which were "set forth in Exhibit 'K' attached hereto and made a part hereof" (Exhibit B in support of motion, Construction Management Agreement at 54). As Monte points out, Gilbane did not submit Exhibit K in its moving papers.

However, Section 12.1.1 also states, "While the CCIP is intended to provide broad coverages and high limits, the CCIP is not intended to meet all of the insurance needs of Construction Manager or Contractors. Construction Manager agrees that the CCIP shall comply at a minimum with all requirements for conventional, non-CCIP insurance as set forth in Section 12.2 below" (*id.* at 54).

Because Gilbane agreed that the coverage under the CCIP would meet the requirements of non-CCIP coverage, and there is no dispute that the non-CCIP coverage was obtained, it is the court's view that, to raise a triable issue of fact as to whether Gilbane failed to provide coverage with respect to the CCIP, the burden had shifted to Monte to produce Exhibit K to show that the CCIP provided greater coverage than the non-CCIP coverage that Gilbane obtained. Monte's focus on the missing Exhibit K creates "'a shadowy semblance of an issue'" which is insufficient to defeat a motion for summary judgment (*Hatzis v Belliard*, 13 AD3d 106, 106-07 [1st Dept 2004], quoting *S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341 [1974]).

20250404174630RTSAI146EB169EBC7492FAC4060B7EB1EEEC0

| 4/4/2025 | | | | RICHARD TSAI, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**158312/2019   FRAME, SUSAN vs. THE CITY OF NEW YORK ET AL**
**Motion No.  002**

**Page 4 of 4**

[* 4]