■ LONNIE R. PALMER et al., Respondents-Appellants, v ALLTEL NEW YORK, INC., Appellant-Respondent and Third-Party Plaintiff. NIAGARA MOHAWK POWER CORPORATION, Third-Party Defendant-Appellant-Respondent. [643 NYS2d 792] —Order unanimously reversed on the law without costs, defendant's motion granted, cross motion for partial summary judgment denied and cross motion for leave to amend the complaint granted. Memorandum: Supreme Court erred in denying the motion of defendant, Alltel New York, Inc. (Alltel), for summary judgment and granting the cross motion of plaintiffs for partial summary judgment on the issue of liability under Labor Law § 240 (1) and § 241. Lonnie R. Palmer (plaintiff) was injured when, during the course of his employment with third-party defendant Niagara Mohawk Power Corporation (Niagara Mohawk), he fell 60 feet from an extended aerial bucket of a lift truck while trimming tree branches to clear an area to provide electrical service to a customer. Niagara Mohawk had obtained an easement from H. Robert Butts over the land where the accident occurred. Alltel, a supplier of telephone service, was named an additional grantee on the easement pursuant to a general joint use agreement in effect between Niagara Mohawk and Alltel. Although Alltel was named in the easement as a joint party thereto, it is undisputed that the

easement had not been recorded or delivered to Alltel prior to plaintiff's accident. Furthermore, Alltel had not received a request for telephone service nor had it accepted Niagara Mohawk's joint pole proposal until the day following plaintiff's accident. Therefore, the court erred in concluding that Alltel was an "owner" within the meaning of Labor Law § 240 (1) and § 241 (6) at the time of the accident. Nor can Alltel be deemed to be an "equitable owner" of the property by virtue of the fact that Niagara Mohawk included Alltel as an additional grantee on the easement.

The court also erred in denying plaintiffs' cross motion to amend the complaint to add the property owner, Butts, as a defendant (see, CPLR 3025 [b]; *Fahey v County of Ontario*, 44 NY2d 934, 935). As owner of the property on which the accident occurred, Butts had a nondelegable duty under Labor Law § 240 (1) and § 241 (6) even though the property is subject to an easement that he had granted to Niagara Mohawk and even though Butts did not exercise any supervision or control over the work being performed by plaintiff or benefit from such work (see, *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559-560; *Celestine v City of New York*, 86 AD2d 592, 593, *affd* 59 NY2d 938 *for reasons stated below*). (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Wesley, J. P., Callahan, Doerr and Boehm, JJ.