■ ERIC D. HILBERT, Appellant-Respondent, v SAHLEN PACKING COMPANY, Respondent-Appellant. (Appeal No. 2.) [700 NYS2d 890] —Order unanimously affirmed without costs. Memorandum: Plaintiff appeals from that portion of an order denying his motion for partial summary judgment against defendant, Sahlen Packing Company (Sahlen), on the issue of liability under Labor Law § 240 (1). Sahlen cross-appeals from the order insofar as it dismissed the recalcitrant worker defense.

We conclude as a matter of law that Sahlen, as the "title owner" of the property, is an owner within the meaning of Labor Law § 240 (1) (*see, Adimey v Erie County Indus. Dev. Agency,* 89 NY2d 836, *modfg on dissenting in part mem at* 226 AD2d 1053). The fact that the utility pole was owned by third-party defendant, Niagara Mohawk Power Corporation (Niagara Mohawk), is of no moment, nor is the fact that the pole was located within an easement granted to Niagara Mohawk (*see, Coleman v City of New York,* 91 NY2d 821, 822-823; *cf., Gordon v Eastern Ry. Supply,* 82 NY2d 555, 560). Additionally, as a matter of law, plaintiff was engaged in a protected activity,

i.e., the "demolition" or "altering" of a "structure", the pole and its appurtenances (*see, Lewis-Moors v Contel of N. Y.*, 78 NY2d 942, 943; *Girty v Niagara Mohawk Power Corp.*, 262 AD2d 1012; *see generally,* Labor Law § 240 [1]). Nevertheless, there are triable issues of fact concerning whether the absence of or defective condition or placement of a safety device was a proximate cause of plaintiff's injuries (*see, Weininger v Hagedorn & Co.*, 91 NY2d 958, 959-960, *rearg denied* 92 NY2d 875; *Felker v Corning Inc.*, 90 NY2d 219, 224; *Karas v Corning Hosp.* [appeal No. 1], 262 AD2d 1039; *Mortellaro v State Farm Mut. Auto. Ins. Co.*, 259 AD2d 968).

We have considered the contention raised by Sahlen on its cross appeal and conclude that it is without merit. (Appeals from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Pigott, Jr., and Callahan, JJ.