■ JOHN H. SILK, III, Appellant, v ANNA S. TURK, Individually and as Executrix of the Estate of PETER L. TURK, Deceased, Respondent and Third-Party Plaintiff. COUNTY OF CHAUTAUQUA, Third-Party Defendant-Respondent. [741 NYS2d 373] —Appeal from an order of Supreme Court, Chautauqua County (Gerace, J.), entered November 29, 2000, which denied plaintiff's motion for partial summary judgment and granted summary judgment to defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the complaint is reinstated and the motion is granted.

Memorandum: Plaintiff commenced this Labor Law action seeking damages for injuries he sustained when he fell from a scaffold while reconstructing a bridge on County Road 80. Supreme Court erred in denying plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim and in searching the record and granting defendant summary judgment dismissing the complaint. Defendant, the title owner of the property on which the bridge is located, is an owner within the meaning of Labor Law § 240 (1) even though the property is subject to an implied easement or right-of-way granted to third-party defendant (see Palmer v Alltel N.Y., 227 AD2d 914, 915, lv denied 89 NY2d 805; see generally Coleman v City of New York, 91 NY2d 821, 822-823; Gordon v Eastern Ry. Supply, 82 NY2d 555, 560; Celestine v City of New York, 86 AD2d 592, 593, affd 59 NY2d 938). Defendant is liable notwithstanding the fact that she did not own the bridge itself (see Hilbert v Sahlen Packing Co., 267 AD2d 940, 940). Although defendant exercised no control over the reconstruction of the bridge, her "[l]iability rests upon the fact of ownership and whether [she] had contracted for the work or benefitted from it are legally irrelevant" (Gordon, 82 NY2d at 560; see Palmer, 227 AD2d at 915). Present—Pine, J.P., Hayes, Hurlbutt, Burns and Lawton, JJ.