■ CURTIS LOVELESS et al., Respondents, v AMERICAN REF-FUEL COMPANY OF NIAGARA, L.P., et al., Appellants. [750 NYS2d 705] —Appeal from the order of Supreme Court, Niagara County (Koshian, J.), entered February 25, 2000, which granted plaintiffs' motion seeking partial summary judgment on liability under Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs and the motion is denied.

Memorandum: Supreme Court erred in granting plaintiffs' motion seeking partial summary judgment on liability under Labor Law § 240 (1). Curtis Loveless (plaintiff) was wearing a

full-body harness secured with a six-foot lanyard while he performed his duties as a boilermaker from a 20-foot extension ladder that was tied off at the top and secured at its base with rubber pads. Plaintiff slipped from the ladder and, before falling far enough for the lanyard to stop his fall, grabbed a chain hanging approximately one foot away from the ladder. Plaintiff therefore fell approximately two feet, allegedly injuring his left shoulder as a result of the incident. Plaintiffs failed to meet their initial burden of establishing their entitlement to judgment as a matter of law and thus the burden never shifted to defendants to raise an issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). In support of their motion, plaintiffs failed to establish any defect in either the ladder or the safety harness furnished to and used by plaintiff, and further failed to establish that the absence of any other safety device was a proximate cause of the accident (see Ghiandoni v City of Niagara Falls, 258 AD2d 923; Jackson v Solvay Free Union School Dist., 256 AD2d 1150; cf. Felker v Corning, Inc., 90 NY2d 219, 224-225; Knauer v Anderson, 299 AD2d 824; Dahl v Armor Bldg. Supply, 280 AD2d 970; Hilbert v Sahlen Packing Co., 267 AD2d 940, 941).

All concur except Scudder and Burns, JJ., who concur in the result in the following memorandum.

Scudder and Burns, JJ. (concurring): We agree that Supreme Court erred in granting plaintiffs' motion seeking partial summary judgment on liability under Labor Law § 240 (1), but our reasoning differs from that of the majority. In our view, plaintiffs met their initial burden on the motion by demonstrating that, because the ladder used by Curtis Loveless (plaintiff) "did not prevent plaintiff from falling[,] * * * the 'core' objective of section 240 (1) was not met" (Gordon v Eastern Ry. Supply, 82 NY2d 555, 561). We conclude, however, that defendants raised an issue of fact whether the safety devices gave "proper protection" to plaintiff (§ 240 [1]; cf. Donovan v CNY Consol. Contrs., 278 AD2d 881; Girty v Niagara Mohawk Power Corp., 262 AD2d 1012, 1013-1014). Present— Pine, J.P., Wisner, Hurlbutt, Scudder and Burns, JJ.