KIM WILLIAMS et al., Appellants, v RACHEL LECHASE et al., Respondents. (Appeal No. 1.) [789 NYS2d 565]—

Appeal from an order of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered September 11, 2003. The order granted the motion of defendant Bibby Electric and the cross motion of defendants Rachel LeChase, Raymond W. LeChase, Eleanor Johnson, Gloria Kiley, Chase Woods Manor, L.P. and Welker Property Management, Inc. for summary judgment dismissing the amended complaint and denied the motion and cross motion of plaintiffs for partial summary judgment on the issue of liability under Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of plaintiffs' motion with respect to the third cause of action against defendant Chase Woods Manor, L.P., denying in part the cross motion of defendants Rachel LeChase, Raymond W. LeChase, Eleanor Johnson, Gloria Kiley, Chase

Woods Manor, L.P. and Welker Property Management, Inc. and reinstating the third and fifth causes of action against defendant Chase Woods Manor, L.P. and as modified the order is affirmed without costs.

Memorandum: We agree with plaintiffs in appeal No. 1 that Supreme Court erred in denying that part of their motion for partial summary judgment on liability under Labor Law § 240 (1) against defendant Chase Woods Manor, L.P. (Chase Woods) and in granting that part of the cross motion of all defendants with the exception of Bibby Electric (collectively, LeChase defendants) for summary judgment dismissing the Labor Law § 240 (1) cause of action and thus the derivative cause of action against Chase Woods. We therefore modify the order in appeal No. 1 by granting that part of plaintiffs' motion with respect to that cause of action against Chase Woods and by denying the cross motion of the LeChase defendants with respect to that cause of action as well as the derivative cause of action and reinstating those causes of action against Chase Woods. Chase Woods is the fee owner of the premises where Kim Williams (plaintiff) was injured, and its liability for the violation of Labor Law § 240 (1) therefore is absolute (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560 [1993]; *Phillips v Eastman Kodak Co.*, 204 AD2d 979 [1994]). It is irrelevant that Chase Woods did not own the electrical lines that plaintiff was cutting at the time of his injury because it cannot be said that Chase Woods "did not otherwise act in the capacity of an owner" (*Mangiameli v Galante*, 171 AD2d 162, 164 [1991]). We note that plaintiffs failed to address on appeal the propriety of that part of the order in appeal No. 1 granting the remainder of the cross motion of the LeChase defendants for summary judgment dismissing the remainder of the substantive causes of action against them and therefore are deemed to have abandoned their appeal from that part of the order (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

With respect to appeal No. 2, we conclude that the court properly granted that part of the motion of defendant Bibby Electric for summary judgment dismissing the cross claim of the LeChase defendants. We have reviewed the remaining contentions of the parties and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Smith, JJ. [*See* 196 Misc 2d 609.]