FOURTH DEPARTMENT, OCTOBER, 2005

(October 18, 2005)

■ VINCENT TRONOLONE, Respondent, v PRAXAIR, INC., Appellant. [804 NYS2d 520]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 12, 2004 in a personal injury action. The order granted plaintiff's motion for partial summary judgment on liability pursuant to Labor Law § 240 (1) and denied defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he allegedly fell "from a scaffold to a lower level" on property owned by defendant. Following discovery, plaintiff moved for partial summary judgment on liability on the Labor Law § 240 (1) claim, contending that defendant violated that section of the Labor Law and that the violation was a proximate cause of plaintiff's fall. Defendant cross-moved for summary judgment dismissing the complaint.

Although we conclude that Supreme Court properly denied defendant's cross motion, we agree with defendant that the court erred in granting plaintiff's motion, and we therefore modify the order accordingly. We note at the outset that defendant has failed to address on appeal the denial of that part of its cross motion with respect to the Labor Law § 241 (6) claim and thus has abandoned its appeal with respect thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

We reject the contention of defendant that it cannot be liable under Labor Law § 240 (1) because it did not contract for the work being performed on its property. Generally, liability under Labor Law § 240 (1) "rests upon the fact of ownership and whether [the owner] had contracted for the work or benefitted from it are legally irrelevant" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560 [1993]). The further contention of defendant that it cannot be liable under section 240 (1) because it neither directed nor controlled the work also is without merit. The statute expressly limits that exception to owners of one- and two-family dwellings, and it is undisputed that the property at issue here is not a one- or two-family dwelling. Moreover, defendant's reliance on *Abbatiello v Lancaster Studio Assoc.* (3 NY3d 46 [2004]) is misplaced. In that case, the owner was "wholly unaware" that the injured plaintiff was working on the property, and thus the owner was not held liable under section 240 (1) (*id.* at 52). Defendant's reliance on *Albanese v City of New York* (5 NY3d 217 [2005]) is also misplaced because, in that case, the only role of defendant City of New York (City) in the expressway reconstruction project undertaken by the State on expressways within the City was to issue work permits authorizing the State "to 'enter upon and restrict the flow of traffic on the [affected interchanges]' " (*id.* at 219). Here, defendant entered into a license agreement with the United States Department of Energy to perform remediation on its premises, and defendant and the United States Department of Energy agreed to enter into a "mutually acceptable remedial action plan" including "a detailed narrative of planned activities, a work schedule, and provisions for reimbursement to [defendant]" with respect to buildings or facilities damaged or demolished as a result of the United States Department of Energy's activities.

Defendant contends in the alternative that the court erred in granting plaintiff's motion because there is a triable issue of fact whether plaintiff fell. "[P]laintiff's account of the accident was uncontroverted, and the defendant has not offered any evidence, other than mere speculation, to call into question the plaintiff's credibility" (*Masiello v Belcastro*, 237 AD2d 335, 335

[1997]). Thus, there is no "bona fide" issue with respect to plaintiff's credibility (*Wasilewski v Museum of Modern Art*, 260 AD2d 271, 272 [1999]; *see Wittkopp v ADF Constr. Corp.*, 254 AD2d 775, 776 [1998]; *cf. Barber v Kennedy Gen. Contrs.*, 302 AD2d 718, 719-720 [2003]).

We nevertheless agree with defendant that the court erred in granting plaintiff's motion. "To establish entitlement to judgment on liability under Labor Law § 240 (1), '[a] worker injured by a fall from an elevated worksite must . . . prove that the absence of or defect in a safety device was [a] proximate cause of his or her injuries' " (*Baum v Ciminelli-Cowper Co.*, 300 AD2d 1028, 1029 [2002], quoting *Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]). Even assuming, arguendo, that plaintiff established that a defect in the scaffold or "the absence of any other safety device was a proximate cause of the accident" (*Loveless v American Ref-fuel Co. of Niagara*, 299 AD2d 819, 820 [2002]; *see generally Plass v Solotoff*, 283 AD2d 474 [2001]; *Grogan v Norlite Corp.*, 282 AD2d 781, 782 [2001]), we conclude that defendant raised triable issues of fact "whether the safety device[ ] provided [to plaintiff] afforded proper protection" (*Kumar v Stahlunt Assoc.*, 3 AD3d 330, 330 [2004]; *see Weber v 1111 Park Ave. Realty Corp.*, 253 AD2d 376, 377-378 [1998]) and whether plaintiff's actions in disregarding safety instructions and stepping on a guardrail were the " 'sole proximate cause' of the accident" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]; *see Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]; *Makaj v Metropolitan Transp. Auth.*, 18 AD3d 625 [2005]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.