(November 23, 2007)

■ PAUL MULCAIRE et al., Respondents, v BUFFALO STRUCTURAL STEEL CONSTRUCTION CORP., Defendant, and CIMINELLI-COWPER CO., INC., et al., Appellants. [846 NYS2d 838]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered January 5, 2007 in a personal injury action. The order, insofar as appealed from, granted in part plaintiffs' motion for partial summary judgment against defendants Ciminelli-Cowper Co., Inc. and Hauptman-Woodward Medical Research Institute, Inc. and denied those parts of defendants' cross motion for summary judgment dismissing the

complaint against defendants Ciminelli-Cowper Co., Inc. and Hauptman-Woodward Medical Research Institute, Inc.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in its entirety and granting those parts of the cross motion for summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action against defendants Ciminelli-Cowper Co., Inc. and Hauptman-Woodward Medical Research Institute, Inc. and dismissing that claim and cause of action against those defendants and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action to recover damages for injuries sustained by Paul Mulcaire (plaintiff) while installing floor decking in a building under construction. Plaintiff slipped and fell through an uncovered opening approximately 18 feet to the floor. Plaintiffs moved for partial summary judgment on liability under Labor Law § 240 (1) and § 241 (6), and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court granted that part of defendants' cross motion with respect to defendant Buffalo Structural Steel Construction Corp. and dismissed the complaint against it, and the court granted those parts of plaintiffs' motion with respect to Ciminelli-Cowper Co., Inc. (Ciminelli) and Hauptman-Woodward Medical Research Institute, Inc. (hereafter, defendants). We conclude that the court should have denied plaintiffs' motion in its entirety, and we therefore modify the order accordingly.

Although plaintiffs met their initial burden with respect to Labor Law § 240 (1) by establishing that "the absence of or defect in a safety device was the proximate cause of [plaintiff's] injuries" (*Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]; *see Tronolone v Praxair, Inc.*, 22 AD3d 1031, 1033 [2005]), we conclude that defendants raised an issue of fact whether the actions of plaintiff were the sole proximate cause of his injuries (*see Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]). Specifically, defendants raised an issue of fact whether there were extra sheets of decking available to plaintiff for safety purposes and, if so, whether plaintiff, based on his training, prior practice, and common sense, knew or should have known to cover the opening, and similar openings, which were created by the act of laying down the decking according to the project plan (*see id.*). For the same reason, the court should have denied that part of plaintiffs' motion with respect to Labor Law § 241 (6) and properly denied that part of the cross motion as well (*see Plass v Solotoff*, 5 AD3d 365, 367 [2004], *lv denied* 2

NY3d 705 [2004]). We note in any event that, even if defendants admitted that they had violated the Industrial Code regulation at issue here, plaintiffs nevertheless would not be entitled to partial summary judgment on liability as a matter of law because "[v]iolation of the Industrial Code, even if admitted by defendants, does not establish negligence as a matter of law but is merely some evidence to be considered on the question of a defendant's negligence" (*Puckett v County of Erie*, 262 AD2d 964, 965 [1999] [internal quotation marks omitted]).

The court also erred in denying those parts of the cross motion seeking summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action against defendants, and we therefore further modify the order accordingly. Defendants established that they exercised no control over the manner or method of plaintiff's work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877-878 [1993]) and that they had no control over the premises, i.e., the floor decking (*see Scarupa v Lockport Energy Assoc.*, 245 AD2d 1038 [1997]), and plaintiffs failed to raise an issue of fact. Finally, we reject the contention of Ciminelli that it was a construction manager without supervision or control of the work and thus that it was not an owner, contractor, or an agent for purposes of liability under Labor Law § 240 (1) and § 241 (6). "An entity is a contractor within the meaning of Labor Law § 240 (1) and § 241 (6) if it had the power to enforce safety standards and choose responsible subcontractors" (*Outwater v Ballister*, 253 AD2d 902, 904 [1998]), and an entity is a general contractor if, in addition thereto, " 'it was responsible for coordinating and supervising the . . . project' " (*Bagshaw v Network Serv. Mgt.*, 4 AD3d 831, 833 [2004]). In addition, "[t]he entity's right to exercise control over the work denotes its status as a contractor, regardless of whether it actually exercised that right" (*Milanese v Kellerman*, 41 AD3d 1058, 1061 [2007]). In accordance with the well-established principles of contract construction (*see generally Village of Hamburg v American Ref-Fuel Co. of Niagara*, 284 AD2d 85, 89 [2001], *lv denied* 97 NY2d 603 [2001]), we conclude as a matter of law that Ciminelli had the contractual authority to enforce safety standards and to hire responsible contractors, and that Ciminelli was also responsible for coordinating and supervising the project. We thus conclude as a matter of law that Ciminelli is an entity subject to liability under Labor Law § 240 (1) and § 241 (6). Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.