■ RICHARD DUFFIELD, Respondent, v WILL's EQUIPMENT REPAIR et al., Defendants, and HELEN GROTH, Appellant. [864 NYS2d 615]—

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered December 12, 2007 in a personal injury action. The order, insofar as appealed from, denied those parts of the motion of defendant Helen Groth for summary judgment dismissing plaintiff's claims under Labor Law § 240 (1) and § 241 (6) against her.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from the roof of a building located on property owned by Helen Groth (defendant). Plaintiff's employer had recently purchased the building from defendant, and the building was being removed from defendant's property at the time of plaintiff's fall. Supreme Court properly denied those parts of the motion of defendant for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims against her. Contrary to the contention of defendant, she is liable for violations of those sections of the Labor Law that occurred during the course of removing the building from her property based on her status as the fee owner of the property (*see Sanatass v Consolidated Inv. Co., Inc.,* 10 NY3d 333, 340-342 [2008]; *Gordon v Eastern Ry. Supply,* 82 NY2d 555, 559-560 [1993]; *Phillips v Eastman Kodak Co.,* 204 AD2d 979 [1994]), regardless of the fact that she did not own the building on which plaintiff was working when he fell (*see Gordon,* 82 NY2d at 560; *Williams v LeChase,* 15 AD3d 988, 989 [2005], *lv dismissed in part and denied in part* 5 NY3d 730 [2005]; *Silk v Turk,* 294 AD2d 896 [2002]; *Mejia v Moriello,* 286 AD2d 667, 668 [2001]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Lunn, JJ.