■ DAVID M. JOHNSON et al., Respondents, v EBIDENERGY, INC., et al., Appellants, et al., Defendant. EBIDENERGY, INC., Third-Party Respondent, v KVA ELECTRIC, Third-Party Defendant, and AMS CONTRACTING et al., Third-Party Defendants-Appellants. YONDER FARMS FRUIT DISTRIBUTORS, LLC, Third-Party Plaintiff-Respondent, v KVA ELECTRIC, Third-Party Defendant, and AMS CONTRACTING et al., Third-Party Defendants-Appellants. (Action No. 1.) GEORGE D. JOHNSON, Respondent, v EBIDENERGY, INC., et al., Appellants. (And Two Third-Party Actions.) (Action No. 2.) [875 NYS2d 677]—

Appeals from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered September 21, 2007 in a personal injury action. The order, inter alia, denied the motions for summary judgment of defendants Ebidenergy, Inc. and Yonder Farms Fruit Distributors, LLC in action Nos. 1 and 2.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting in part the cross motion in action No. 1 and dismissing the third-party complaints against third-party defendants AMS Contracting and George D. Johnson, and by granting in part the motions in action No. 2 and dismissing the Labor Law §§ 200 and 241 (6) causes of action and as modified the order is affirmed without costs.

Memorandum: David M. Johnson (David) and his wife, the plaintiffs in action No. 1, and George D. Johnson (George), the plaintiff in action No. 2, commenced these actions seeking damages for injuries sustained by David and George, David's father,

when a fuse installed by David in a switch box exploded, burning both David and George. Ebidenergy, Inc. (Ebidenergy) "brokered" a grant running from the New York State Energy Research and Development Authority to Yonder Farms Fruit Distributors, LLC (Yonder Farms) for the installation of metering equipment to monitor electrical usage at Yonder Farms. Ebidenergy thereafter hired third-party defendant KVA Electric (KVA) to install the metering equipment at Yonder Farms and David, an employee of KVA, installed the equipment. George, who was an employee of third-party defendant AMS Contracting (AMS), was at the site in order to retrieve paperwork for work at a different site. Upon discovering that a fuse had blown, David was directed by the manager of Yonder Farms to purchase a new fuse, and the accident occurred while David was installing that fuse. Ebidenergy and Yonder Farms (collectively, defendants) are defendants in both actions, and KVA and AMS are third-party defendants in both actions.

Defendants moved for summary judgment dismissing the complaint in action No. 1 and the amended complaint in action No. 2, as well as the cross claims against them in both actions. In action No. 1, AMS and George cross-moved for, inter alia, summary judgment dismissing the third-party complaints against them and, in action No. 2, AMS cross-moved for, inter alia, summary judgment dismissing the third-party complaints against it. As relevant on appeal, Supreme Court denied the motions of defendants and the cross motion of AMS and George in action No. 1, and the court denied the motions of defendants in action No. 2.

We conclude with respect to action No. 1 that the court properly denied defendants' motion seeking dismissal of David's Labor Law § 241 (6) cause of action. Contrary to defendants' contention, David was engaged in "altering" a building within the purview of Labor Law § 241 (6) at the time of the accident (see *Joblon v Solow*, 91 NY2d 457, 466 [1998]; *Smith v Pergament Enters. of S.I.*, 271 AD2d 870, 873 [2000]; *Dedario v New York Tel. Co.*, 162 AD2d 1001, 1003 [1990]). Prior to the accident, David spent six hours installing the metering equipment, which involved screwing 12 d-ring screws into the wall, threading low voltage pulse wire through the rings, connecting one end of the pulse wires to the recorder and the other end to current transducers (CTs), snapping the CTs around the outgoing wires of the switch box, installing a slave recorder, tandem wiring the slave recorder to a previously installed recorder, and powering up the CTs using fusible CT leads.

Contrary to the further contention of Ebidenergy, it may be

held liable as a contractor pursuant to Labor Law § 241 (6). It is the entity's " 'right to exercise control over the work [that] denotes its status as a contractor, regardless of whether it actually exercised that right' " (*Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1428 [2007]). Here, the record establishes that Ebidenergy had the contractual authority to enforce safety standards, had the power to hire responsible contractors, and had some control over the methods used by subcontractors in performing installations. We further reject Ebidenergy's contention that the Industrial Code provisions upon which the plaintiffs in action No. 1 rely, namely 12 NYCRR 23-1.13 (b) (4) and (5), do not apply in this case because they refer only to employers and employees. While those provisions refer to duties of an employer, we note that 12 NYCRR 23-1.3 expressly provides that part 23, which includes the provisions upon which the plaintiffs in action No. 1 rely, "applies to persons employed in construction, demolition and excavation operations, to their employers and to owners, contractors and their agents obligated by the Labor Law to provide such persons with safe working conditions and safe places to work" (*see* 12 NYCRR 23-1.5; *Rice v City of Cortland*, 262 AD2d 770, 773-774 [1999]).

We further conclude that the court properly denied those parts of defendants' motions in action No. 1 with respect to common-law negligence and Labor Law § 200. There is an issue of fact whether either of those defendants had some control over the method and manner of David's work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *see also Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]), and whether Yonder Farms helped to create the hazardous condition (*see Bonura v KWK Assoc.*, 2 AD3d 207, 207-208 [2003]). With respect to Ebidenergy, the record establishes that it was the policy of Ebidenergy for installers to work on energized circuits, if possible, and David confirmed that it was his understanding that "there would be no power shutdowns in any facility." With respect to Yonder Farms, the record establishes that a representative of Yonder Farms requested that David replace the blown fuse and that, when David asked that the power be shut off in order to change the fuse, the representative denied David's request.

Finally, we conclude with respect to action No. 1 that the court erred in denying that part of the cross motion of AMS and George for summary judgment dismissing the third-party complaints against them. AMS and George established that they did not supervise or control David's work and had no actual or constructive notice of the dangerous condition, i.e., the

energized panel (*see Comes*, 82 NY2d at 877-878; *Schwab v Campbell*, 266 AD2d 840, 841 [1999]), and third-party plaintiffs in action No. 1 failed to raise an issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We therefore modify the order accordingly.

We conclude with respect to action No. 2, however, that the court erred in denying those parts of the motions of defendants for summary judgment dismissing the Labor Law §§ 200 and 241 (6) causes of action, inasmuch as George was not " 'permitted or suffered to work on a building or structure' " at the accident site (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576 [1990]). The record establishes that George was at the site in order to pick up paperwork for another job and that he was not there to aid in the installation of the metering equipment. Thus, George was not within the class of workers protected by the Labor Law because he was "not a person 'employed' to carry out" the project (*Gibson v Worthington Div. of McGraw-Edison Co.*, 78 NY2d 1108, 1109 [1991]; *see Riedel v Steger Material Handling Co.*, 254 AD2d 819, 820 [1998]). We therefore further modify the order accordingly.

We have reviewed the parties' remaining contentions and conclude that they are without merit. Present—Centra, J.P., Peradotto, Green and Pine, JJ.