■ John Mergenhagen, Respondent-Appellant, v Dish Network Service L.L.C. et al., Appellants-Respondents. [883 NYS2d 405]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered June 10, 2008 in a personal injury action. The order granted in part defendants' motion for summary judgment and granted plaintiff's cross motion for partial summary judgment on liability under Labor Law § 240 (1).

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying that part of the motion for summary judgment dismissing the Labor Law § 241 (6) claim insofar as that claim is premised on the alleged violations of 12 NYCRR 23-1.7 (d) and 23-1.24 and reinstating that claim to that extent and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he slipped and fell off the roof of the residence where he was installing a satellite dish. Defendants moved for summary judgment dismissing the complaint, and plaintiff cross-moved for partial summary judgment on liability under Labor Law § 240 (1). Supreme Court granted those parts of defendants' motion with respect to Labor Law §§ 200 and 241 (6) and granted plaintiff's cross motion, and this appeal and cross appeal ensued. We agree with plaintiff that the court erred in granting that part of defendants' motion with respect to the Labor Law § 241 (6) claim insofar as it is premised on two of the three regulations upon which plaintiff relies.

Addressing both the Labor Law § 240 (1) and § 241 (6) claims, we conclude that defendants are correct that they were not "owners" within the meaning of those statutes, but we nevertheless conclude that they were "contractors" under those statutes. Plaintiff submitted evidence establishing as a matter of law that defendants had the contractual right to control the work, i.e., they " 'had the power to enforce safety standards and choose responsible subcontractors' " (*Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1428 [2007]), and defendants failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Their status

as contractors is dependent on their right to exercise control, not whether they in fact did so (see *Johnson v Ebidenergy, Inc.*, 60 AD3d 1419, 1420-1421 [2009]; *Mulcaire*, 45 AD3d at 1428). We have examined defendants' remaining contention with respect to plaintiff's entitlement to partial summary judgment on liability under Labor Law § 240 (1) and conclude that it lacks merit.

Defendants also failed to establish their entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) claim with respect to the two Industrial Code regulations upon which plaintiff relies on appeal, 12 NYCRR 23-1.7 (d) and 23-1.24. Section 23-1.7 (d) provides for protection from slipping hazards, and section 23-1.24 requires, inter alia, roofing brackets where the slope of the roof is steeper than one in four inches. We conclude on the record before us that those two regulations are "sufficiently specific to support a Labor Law § 241 (6) claim . . . Moreover, both regulations are applicable to the facts of this case and arguably were violated by defendants, thus warranting a trial of [that] claim" (*Tucker v Edgewater Constr. Co.*, 281 AD2d 865, 866 [2001]; *see generally Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-505 [1993]). We therefore modify the order accordingly. Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.