# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**447**

**CA 10-01296**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND GORSKI, JJ.

---

NICOLE HERNANDEZ, AS ADMINISTRATRIX OF THE
ESTATE OF CHARLES M. LEE, JR., DECEASED, AND AS
PARENT AND NATURAL GUARDIAN OF THE PERSON AND
PROPERTY OF MATTHEW LEE, AN INFANT,
PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

TOWN OF HAMBURG, MARK O. PATTON, INDIVIDUALLY
AND DOING BUSINESS AS PATTON PLUMBING, MCALLISTER
PLUMBING & HEATING, INC., AND SAED INC., DOING
BUSINESS AS DOCTOR BACKFLOW PLUMBING,
DEFENDANTS-RESPONDENTS.

---

STEPHEN M. HUGHES, BUFFALO, FOR PLAINTIFF-APPELLANT.

AUGELLO & MATTELIANO, LLP, BUFFALO (JOSEPH A. MATTELIANO OF COUNSEL),
FOR DEFENDANT-RESPONDENT SAED INC., DOING BUSINESS AS DOCTOR BACKFLOW
PLUMBING.

LEWIS & LEWIS, P.C., BUFFALO (EMILY L. DOWNING OF COUNSEL), FOR
DEFENDANT-RESPONDENT TOWN OF HAMBURG.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (KEVIN D. MCCARTHY OF
COUNSEL), FOR DEFENDANT-RESPONDENT MCALLISTER PLUMBING & HEATING, INC.

LAW OFFICES OF TAYLOR & SANTACROSE, BUFFALO (DESTIN C. SANTACROSE OF
COUNSEL), FOR DEFENDANT-RESPONDENT MARK O. PATTON, INDIVIDUALLY
AND DOING BUSINESS AS PATTON PLUMBING.

---

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered March 2, 2010 in a wrongful death action.
The order granted the motions and cross motion of defendants for
summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff, as administratrix of the estate of her
son's father (decedent) and as parent and natural guardian of her son,
commenced this Labor Law and common-law negligence action seeking
damages for decedent's wrongful death and conscious pain and suffering
as a result of a work-related accident. Decedent was killed when a
trench that was being excavated as part of a residential sewer project

(project) collapsed and crushed him.

Supreme Court properly granted the motion of defendant Town of Hamburg (Town) seeking summary judgment dismissing the amended complaint against it.  The Town established that it did not have a special relationship with decedent based on its issuance of an excavation permit or its inspection of the work site (*see Garrett v Holiday Inns*, 58 NY2d 253, 261), and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  The court also properly granted the motion of defendant McAllister Plumbing & Heating, Inc. (McAllister) seeking summary judgment dismissing the amended complaint against it.  It is undisputed that McAllister obtained the excavation permit from the Town as a favor to the general contractor on the project, defendant Mark O. Patton, individually and doing business as Patton Plumbing, and that it had no further connection to the project.  The court therefore properly determined that McAllister is not vicariously liable for the alleged negligence of Patton or of the excavation subcontractor, defendant Saed Inc., doing business as Doctor Backflow Plumbing (Saed) (*see Brothers v New York State Elec. & Gas Corp*., 11 NY3d 251, 259-260).

We further conclude that the court properly granted the motions of the Town and McAllister, as well as the cross motion of Patton seeking summary judgment dismissing the amended complaint and any cross claims against him and the motion of Saed seeking summary judgment dismissing the amended complaint against it, on the ground that decedent's inexplicable decision to enter the unshored trench that was still being excavated was the sole proximate cause of his death.  Defendants established that, "[b]ased on his training, prior practice[] and common sense, [decedent] knew or should have known" not to enter the unshored excavation (*Mulcaire v Buffalo Structural Steel Constr. Corp*., 45 AD3d 1426, 1427), but that he nevertheless "chose for no good reason . . . to do so[] and that had he not made that choice he would not have been injured" (*Cahill v Triborough Bridge & Tunnel Auth*., 4 NY3d 35, 40).  The uncertified, unsigned and heavily redacted Occupational Safety and Health Administration report submitted by plaintiff in opposition to the motions and cross motion is not in admissible form and is thus insufficient to defeat them.  Plaintiff failed "to demonstrate [an] acceptable excuse for [her] failure to meet the strict requirement of tender in admissible form" (*Friends of Animals v Associated Fur Mfrs*., 46 NY2d 1065, 1068).

Entered:  April 29, 2011                          Patricia L. Morgan
                                                  Clerk of the Court