# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1283**
**CA 13-00955**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

BRIAN RAULS, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DIRECTV, INC., DEFENDANT-RESPONDENT.

---

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (HARRY J. FORREST OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LEMERY GREISLER LLC, SARATOGA SPRINGS (ROBERT A. LIPPMAN OF COUNSEL), AND WALSH, ROBERTS & GRACE, BUFFALO, FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered September 17, 2012 in a personal injury action. The order denied the motion of plaintiff for partial summary judgment on liability under Labor Law § 240 (1) and granted the cross motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of defendant's cross motion with respect to the Labor Law §§ 240 (1) and 241 (6) claims and reinstating those claims, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law action seeking damages for injuries he sustained when he slipped and fell while stepping back onto a ladder from the roof of a residence after installing a satellite dish thereon. Plaintiff moved for partial summary judgment on liability under Labor Law § 240 (1), and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion, granted defendant's cross motion in its entirety, and dismissed the complaint. We note at the outset that plaintiff has abandoned any contention with respect to the propriety of the court's dismissal of his Labor Law § 200 claim (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984). We agree with plaintiff, however, that the court erred in granting those parts of defendant's cross motion with respect to the Labor Law §§ 240 (1) and 241 (6) claims, and we therefore modify the order accordingly.

Plaintiff established as a matter of law that defendant is a "contractor" within the meaning of Labor Law §§ 240 (1) and 241 (6), i.e., that it " 'had the power to enforce safety standards and choose responsible subcontractors' " (*Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1428), and defendant failed to raise an

issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Indeed, it is well established that an entity's "right to exercise control over the work denotes its status as a contractor, regardless of whether it actually exercised that right" (*Milanese v Kellerman*, 41 AD3d 1058, 1061; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500; *Mergenhagen v Dish Network Serv. L.L.C.*, 64 AD3d 1170, 1171-1172).  Thus, the Labor Law "holds owners and general contractors absolutely liable for any breach of the statute even if the job was performed by an independent contractor over which [they] exercised no supervision or control" (*McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [internal quotation marks omitted]).  Here, plaintiff submitted evidence establishing that defendant had the contractual authority to control the work at issue (*see Mergenhagen*, 64 AD3d at 1171-1172; *Mulcaire*, 45 AD3d at 1428).  Among other things, the contract between defendant and plaintiff's employer required the latter to comply with defendant's policies and procedures, provide training in accordance with specifications provided by defendant, and utilize materials approved by defendant.  Further, the contract incorporated by reference a manual prepared by defendant that provided, inter alia, detailed instructions for the installation of defendant's satellite equipment, including instructions concerning safety issues.  We thus conclude that, because defendant "had the authority to choose the part[y] who did the work, and directly entered into [a] contract[] with th[at party], it had the authority to exercise control over the work, even if it did not actually do so" (*Williams v Dover Home Improvement*, 276 AD2d 626, 626; *see Johnson v Ebidenergy, Inc.*, 60 AD3d 1419).

Contrary to plaintiff's further contention, we conclude that the court properly denied his motion for partial summary judgment on liability under Labor Law § 240 (1) inasmuch as he did not establish as a matter of law that "the absence of or defect in a safety device was [a] proximate cause of his . . . injuries" (*Tronolone v Praxair, Inc.*, 22 AD3d 1031, 1033 [internal quotation marks omitted]; *see generally Ellerbe v Port Auth. of N.Y. & N.J.*, 91 AD3d 441, 442; *Arigo v Spencer*, 39 AD3d 1143, 1144-1145).  We further conclude in any event that defendant's submissions raise an issue of fact whether the sole proximate cause of the accident was plaintiff's decision to step onto a steep, slippery roof in violation of specific safety instructions (*see John v Klewin Bldg. Co., Inc.*, 94 AD3d 1502, 1503-1504; *Tronolone*, 22 AD3d at 1033).

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court