# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1240**
**CA 15-00716**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.


RICHARD J. FRONCE,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PORT BYRON TELEPHONE COMPANY, INC.,
C/O CORPORATION SERVICE COMPANY, REGISTERED
AGENT AND TELEPHONE AND DATA SYSTEMS, INC.,
AND TDS TELECOMMUNICATIONS CORPORATION,
DEFENDANTS-RESPONDENTS-APPELLANTS.


MICHAELS & SMOLAK, P.C., AUBURN (MICHAEL G. BERSANI OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DONALD S. DIBENEDETTO OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered December 12, 2014 in a personal injury action. The order denied defendants' motion for summary judgment and denied plaintiff's cross motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiff's cross motion, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law action seeking damages for injuries he sustained when he fell from an aerial bucket attached to a boom on a bucket truck while attempting to remove cables from a utility pole on defendants' property. Plaintiff appeals and defendants cross-appeal from an order that denied defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on the issue of liability with respect to the section 240 (1) cause of action. We agree with plaintiff that defendants are owners within the meaning of the Labor Law. "[E]ven under a liberal construction of section 240 (1), ownership of the premises where the accident occurred, standing alone, is insufficient to impose liability under section 240 (1) on an out-of-possession property owner who does not contract for the injury-producing work. Rather, a prerequisite to the imposition of liability upon such an owner is 'some nexus between the owner and the worker, whether by a lease agreement or grant of an easement, or other property interest' " (*Custer v Jordan*, 107 AD3d 1555, 1557, quoting

*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 51; *see Morton v State of New York*, 15 NY3d 50, 56).  Here, there is a nexus between defendants and plaintiff inasmuch as plaintiff was employed by a successor in interest to a corporation to which defendants had granted an easement allowing the corporation and its successors to maintain its utility poles and cables on defendants' property (*see Celestine v City of New York*, 86 AD2d 592, 593, *affd* 59 NY2d 938; *cf. Abbatiello*, 3 NY3d at 51).  Inasmuch as defendants, as grantors of the easement, remained the fee owner of the property, it is irrelevant that defendants did not own the utility pole and cables that were the subject of plaintiff's work at the time of the accident (*see Williams v LeChase*, 15 AD3d 988, 989, *lv dismissed in part and denied in part* 5 NY3d 730; *Hilbert v Sahlen Packing Co.*, 267 AD2d 940, 940; *see generally Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560).

We further agree with plaintiff that Supreme Court erred in denying his cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), and we therefore modify the order accordingly.  There is no dispute that plaintiff met his initial burden on the cross motion by demonstrating that he was engaged in an activity covered by the statute, and that his accident involved an elevation-related hazard against which the statute was intended to protect (*see Hilbert*, 267 AD2d at 940-941).  Plaintiff further "established the requisite causal link between his injuries and the violation of defendants' nondelegable duty to ensure that the [aerial bucket] was 'so . . . placed and operated as to give proper protection' to plaintiff" (*Ward v Cedar Key Assoc., L.P.*, 13 AD3d 1098, 1098; *see Thome v Benchmark Main Tr. Assoc., LLC*, 86 AD3d 938, 939).  In opposition to the motion, defendants failed to raise a triable issue of fact whether plaintiff's "own conduct, rather than any violation of Labor Law § 240 (1), was the sole proximate cause of his accident" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40).  Contrary to defendants' contention, inasmuch as plaintiff was using the aerial bucket to reach the utility pole and cables in the manner directed and approved by his supervisor, it cannot be said that plaintiff's conduct in using a winch line and pulley to pull the pole closer was the sole proximate cause of the accident (*see Kuhn v Camelot Assn., Inc.* [appeal No. 2], 82 AD3d 1704, 1706; *see also Fernandez v BBD Developers, LLC*, 103 AD3d 554, 555-556).  Moreover, inasmuch as defendants' statutory violation was a proximate cause of the accident, we conclude that any failure by plaintiff to properly wear a safety harness and lanyard would merely constitute comparative negligence, which is not a defense under Labor Law § 240 (1) (*see Garzon v Viola*, 124 AD3d 715, 716-717; *see generally Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289-290).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court