Barker v Union Corrugating Co. (2020 NY Slip Op 05349)





Barker v Union Corrugating Co.


2020 NY Slip Op 05349


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


509 CA 19-01238

[*1]ERIC BARKER, PLAINTIFF-APPELLANT-RESPONDENT,
v
UNION CORRUGATING COMPANY, DEFENDANT-RESPONDENT, AND LOWE'S HOME CENTERS, L.L.C., DEFENDANT-APPELLANT. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (DAVID M. KATZ OF COUNSEL), FOR DEFENDANT-APPELLANT AND DEFENDANT-RESPONDENT.
ALEXANDER LAW OFFICE, PLLC, ELBRIDGE (RALPH S. ALEXANDER OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 


 Appeals from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered June 19, 2019. The order, among other things, granted in part and denied in part the motion of defendants for summary judgment, dismissed the complaint against defendant Union Corrugating Company, and granted that part of plaintiff's cross motion seeking summary judgment against defendant Lowe's Home Centers, L.L.C. on the Labor Law § 240 (1) cause of action. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of defendants' motion seeking summary judgment dismissing the Labor Law § 240 (1) cause of action against defendant Union Corrugating Company, reinstating that cause of action against that defendant, and granting that part of plaintiff's cross motion seeking summary judgment on the Labor Law § 240 (1) cause of action against that defendant, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell from a roof while working on a roofing project at a private residence (residence). Defendant Union Corrugating Company (Union) manufactures metal roofing materials, and defendant Lowe's Home Centers, L.L.C. (Lowe's), among other things, sells such materials. Defendants entered into an agreement whereby Lowe's agreed to sell Union's roofing materials to consumers, and both defendants entered into contracts with plaintiff's employer pursuant to which plaintiff's employer agreed to install Union's roofing materials that were sold by Lowe's. Lowe's also entered into an agreement whereby it agreed to sell to the owners of the residence Union's roofing materials, which were to be installed by plaintiff's employer.
After commencement of this action, defendants jointly moved for summary judgment dismissing the complaint, and plaintiff cross-moved for, inter alia, summary judgment on the Labor Law § 240 (1) cause of action and dismissing Lowe's eighth affirmative defense, wherein Lowe's alleged that it was not a contractor within the meaning of the Labor Law. As relevant on appeal, Supreme Court granted defendants' motion and denied plaintiff's cross motion with respect to the Labor Law § 240 (1) cause of action against Union, denied defendants' motion and granted plaintiff's cross motion with respect to the Labor Law
§ 240 (1) cause of action against Lowe's, and granted the cross motion with respect to Lowe's eighth affirmative defense. Lowe's and plaintiff appeal.
Regarding Lowe's appeal and for reasons stated in the decision at Supreme Court, we affirm the order insofar as it denied defendants' motion and granted plaintiff's cross motion with respect to the Labor Law § 240 (1) cause of action against Lowe's and further granted the cross motion with respect to Lowe's eighth affirmative defense.
We agree with plaintiff on his appeal, however, that the court erred in granting defendants' motion and denying plaintiff's cross motion with respect to the Labor Law § 240 (1) cause of action against Union. We therefore modify the order accordingly. Initially, we note that, "[i]n order to prevail on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must establish that an owner or contractor failed to provide appropriate safety devices at an elevated work site and that such violation of the statute was the proximate cause of his or her injuries" (Vetrano v J. Kokolakis Contr., Inc., 100 AD3d 984, 985 [2d Dept 2012]; see Bellreng v Sicoli & Massaro, Inc. [appeal No. 2], 108 AD3d 1027, 1029-1030 [4th Dept 2013]). Here, we agree with plaintiff that he met his initial burden on the cross motion with respect to the section 240 (1) cause of action against Union by establishing that defendants failed to provide appropriate safety devices, that he was working at an elevated work site, and that the statutory violation was a proximate cause of his injuries, and defendants failed to raise a triable issue of fact in opposition thereto. Indeed, defendants do not contest those issues on appeal. Thus, the sole issue on plaintiff's appeal concerns whether Union is a contractor within the meaning of the statute.
Plaintiff contends that he met his initial burden on the cross motion with respect to that issue. We agree. It is well settled that the Labor Law "holds . . . general contractors absolutely liable for any breach of the statute even if the job was performed by an independent contractor over which [they] exercised no supervision or control" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374 [2011] [internal quotation marks omitted]), inasmuch as "[t]heir status as contractors is dependent on their right to exercise control, not whether they in fact did so" (Mergenhagen v Dish Network Serv. L.L.C., 64 AD3d 1170, 1171-1172 [4th Dept 2009]). In determining whether a defendant may be found liable pursuant to section 240 (1), it is well settled that, where, as here, a defendant "ha[s] the authority to choose the part[y] who did the work, and directly enter[s] into [a] contract[] with th[at party], it ha[s] the authority to exercise control over the work, even if it [does] not actually do so" (Williams v Dover Home Improvement, 276 AD2d 626, 626 [2d Dept 2000]; see Rauls v DirecTV, Inc., 113 AD3d 1097, 1098-1099 [4th Dept 2014]; see generally Stiegman v Barden & Robeson Corp. [appeal No. 2], 162 AD3d 1694, 1697 [4th Dept 2018]). In addition, the "fact that [Lowe's] possessed concomitant or overlapping authority to supervise the entire renovation, including the installation of the [roofing materials], does not negate [Union's] authority to supervise and control the installation of" those materials (Weber v Baccarat, Inc., 70 AD3d 487, 488 [1st Dept 2010]).
Here, plaintiff submitted evidence establishing that Union entered into a contract with plaintiff's employer to install the roofing materials at issue and that the contract provided Union with the power to, inter alia, perform inspections, stop work, and remove plaintiff's employer from the job. We therefore conclude that plaintiff demonstrated as a matter of law that Union is a "contractor" within the meaning of Labor Law § 240 (1) (see generally Rauls, 113 AD3d at 1098-1099). We further conclude that defendants failed to raise a triable issue of fact in opposition thereto, and thus the court erred in denying that part of the cross motion seeking summary judgment on the Labor Law § 240 (1) cause of action against Union (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Furthermore, inasmuch as defendants submitted the same evidence in support of their motion, the court erred in granting that part of their motion seeking summary judgment dismissing the Labor Law
§ 240 (1) cause of action against Union.
Plaintiff's further contention is academic in light of our determination.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court