Dennis v Cerrone (2021 NY Slip Op 01655)





Dennis v Cerrone


2021 NY Slip Op 01655


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1006 CA 19-01769

[*1]JOSEPH DENNIS, PLAINTIFF-APPELLANT,
v
VINCENT CERRONE, DEFENDANT, AND MARK CERRONE, INC., DEFENDANT-RESPONDENT. (APPEAL NO. 2.) 






DOLCE PANEPINTO, P.C., BUFFALO (SEAN E. COONEY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MAGAVERN MAGAVERN GRIMM LLP, NIAGARA FALLS (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered August 28, 2019. The judgment awarded costs to defendant Mark Cerrone, Inc. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion for a directed verdict is denied, the amended complaint against defendant Mark Cerrone, Inc. is reinstated and a new trial is granted.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained while performing framing work at a residential construction project. Defendant Vincent Cerrone was the owner of the residence, and we previously affirmed that part of an order granting his cross motion for summary judgment dismissing the amended complaint against him (Dennis v Cerrone, 167 AD3d 1475 [4th Dept 2018]). Cerrone was also a part owner, general superintendent, and vice president of defendant Mark Cerrone, Inc. (MCI), and several employees of MCI completed work on various aspects of the project. In the prior appeal, we also determined, inter alia, that Supreme Court had erred in granting that part of MCI's cross motion for summary judgment seeking to dismiss the Labor Law § 240 (1) cause of action against it. We noted that MCI had "correctly conceded in its brief and at oral argument that questions of fact exist[ed] with respect to whether it had the requisite authority to control or supervise the work" (id. at 1477).
The matter proceeded to a nonjury trial, at which the court granted MCI's motion for a directed verdict. Inasmuch as the proof at trial established that the same triable issues of fact still existed, we conclude that the court erred in directing a verdict in favor of MCI. "In determining a motion for a directed verdict, the court must view the evidence in the light most favorable to the nonmoving party and resolve all issues of credibility in favor of the nonmoving party . . . , and may grant the motion only if there is no rational process by which the [factfinder] could find for the plaintiff[] as against the moving defendant" (Wolf v Persaud, 130 AD3d 1523, 1524 [4th Dept 2015]; see Matter of Wright v State of New York, 134 AD3d 1483, 1484-1485 [4th Dept 2015]). "[T]he trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in [the] light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; see Wright, 134 AD3d at 1485).
When the evidence is viewed in the light most favorable to plaintiff, the issues of credibility are resolved in his favor, and he is afforded every inference, we conclude that there is a rational process by which a factfinder could find that MCI had either the power to enforce safety standards and choose responsible contractors or the power to coordinate and supervise the overall project as required for liability under Labor Law §§ 240 (1) and 241 (6) (see generally [*2]Rauls v DirecTV, Inc., 113 AD3d 1097, 1098 [4th Dept 2014]; Mulcaire v Buffalo Structural Steel Constr. Corp., 45 AD3d 1426, 1428 [4th Dept 2007]).
We further conclude that there is a rational process by which a factfinder could determine that MCI is liable under Labor Law § 200 or the common law, i.e., that it had the ability to supervise and control the method and manner of work of plaintiff's employer (see generally Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]; Lombardi v Stout, 80 NY2d 290, 295 [1992]), and that MCI actually exercised such authority (see generally Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]).
We therefore reverse the judgment, deny the motion, reinstate the amended complaint against MCI, and grant a new trial.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court